Hay, Judge,
delivered the opinion of the court:
It is shown from the findings of fact that the plaintiff made an original and amended income-tax and profits-tax return for the year 1918 to the Commissioner of Internal Revenue in which it deducted the sum of $130,764.34 for the year 1918, this sum being the value of all the assets of The S. S. White Dental Manufacturing Co., m. b. h., of Berlin, Germany, which were shown on the books of The S. S. White Dental Manufacturing Co. of Pennsylvania in 1918, which the plaintiff designated as its Berlin’loss, because on March 19, 1918, the German sequestrator seized and sequestrated its property in Berlin, which consisted of fixtures, cash, book accounts, merchandise, stock, and accounts due and owing the said company.
The plaintiff was the sole owner of The S. S. White Dental Manufacturing Co., m. b. h., of Berlin, Germany, at the date of the sequestration by the Imperial German Government of the property aforesaid, and at said date the amount of the investment of the plaintiff in its German property, *163 as shown by its books, was $130,764.34. On account of this sequestration of its property the plaintiff charged off its books in the year 1918 the said sum of $130,764.34, which sum appeared on its books as a loss. The effect of the sequestration of plaintiff’s property was to destroy and to cause a loss to the plaintiff, which was absolute in 1918. Afterwards in 1921 the plaintiff sent an agent to Gérmany to investigate the condition and prospect of the German company, and becoming convinced that its condition was hopeless the said agent sold the tangible assets and its lease for the sum of $6,000. This sum was duly returned as income for the year 1921. The plaintiff also filed a claim with the Mixed Claims Commission, .United States and Germany. That commission has allowed said claim to the extent of $70,000, with interest at 5 per cent per annum from February 1, 1920, until paid. But no part of said $70,000 had been paid to the plaintiff and no fund has been provided for the satisfaction of said claim.
Under date of May 15,1924, the Commissioner of Internal Revenue rejected the refund claim of the plaintiff, filed under date of November 24, 1923, for the recovery of the sum of $83,813.59 paid as taxes by it under protest.
The plaintiff’s property was sequestrated in 1918; the loss suffered thereby was charged off the books of the plaintiff as a loss in 1918; the plaintiff deducted its loss in its income and excess-profits tax return for 1918, the year in which it was sustained.
The Commissioner of Internal Revenue seems to have based his action in rejecting the claim of the plaintiff upon the idea that it had a good claim against the German Government, which claim he thought would be eventually paid. The following extract from the decision of the committee on appeals and review, which was approved and adopted by the commissioner, will more fully explain his view of the case:
“ It is the committee’s opinion that the act of sequestration in 1918, in and of itself, did not result in an actual sustained loss in that year, which loss was susceptible of being measured in dollars and cents. It is also the committee’s opinion, and this seems to be borne out by subsequent events, that by such act the appellant was temporarily dispossessed oi *164 property and investment in the Berlin branch with a consequent cessation of business and inability to realize possible profits during the indefinite period of sequestration. It is apparent that concurrent with the act of sequestration there arose a right or claim against the German Government for loss or damage resulting therefrom, which right or claim at the time could not be estimated as to value by any reasonable process of calculation. Losses to be deductible must ordinarily be evidenced by a completed or closed transaction.”
The parts of the revenue act of 1918, 40 Stat. 1057, which are pertinent to this case are as follows:
“ Sec. 232. That in the case of a corporation subject to the tax imposed by section 230 the term ‘ net income ’ means the gross income * * * less the deductions allowed by section 234, * *
“ Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
Hi * * * . * * *
“ (4) Losses sustained during the taxable year and not compensated for by insurance or otherwise.”
As there is no controversy with respect to the correctness of the amount of tax assessed and collected, the only question for determination is whether or not the plaintiff suffered a deductible loss during- the calendar year 1918 within the meaning of the statute above quoted.
It must be admitted that the effect of the action of the German Government was to cause the plaintiff to lose control of and title to the property in March, 1918; it followed that the property was lost to the plaintiff, and there was no means open to it by which it could or did regain control of or title to the property during the year 1918.
The loss was complete for the year 1918; it could be and was determined; the transaction for that year was closed and completed. The loss has continued down to the present time with the exception of $6,000 salvaged from the property in 1921. It seems the commissioner loses sight of the fact that the plaintiff will only receive from Germany the sum of $70,000 and when it will receive that is wholly problematical ; so that according to his own reasoning the commissioner should have at least allowed the plaintiff the sum of $60,764.34, the difference between the sum originally *165 charged to the plaintiff and the amount which has been allowed on its claim.
The loss sustained by the plaintiff was in our opinion a loss deductible during the calendar year 1918 within the meaning of the statute. Because the plaintiff has a claim which may or may not be paid does not alter the fact that it suffered this loss in the year 1918 and has continued to suffer it down to the present time. The Government can not continue indefinitely to hold its taxpayers to account upon the idea that something may happen in the future which will change existing conditions. Losses, which are deductible, it is said, “ must be evidenced by closed and completed transactions.” Certainly this transaction was closed and completed in 1918; it remains completed so far as the loss of the plaintiff is concerned. That is surely complete and has continued to be complete from that time to this. In the construction of statutes common sense must at times be applied, and the facts in this case lead to but one conclusion, which is that the plaintiff suffered such a loss as the statute contemplated when losses were made deductible by its terms.
Judgment will therefore be awarded the plaintiff in the sum of $83,813.59, with interest.
It is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.