MEMORANDUM BY THE COURT
This case is before us on defendant’s demurrer to the petition, first, on the ground that petition does not constitute a cause of action within the jurisdiction of this court; second, petition fails to state facts sufficient to constitute a cause of action against defendant.
The following are the facts:
This court rendered judgment in the case of S. S. White Dental Manufacturing Co. of Pennsylvania v. United States (61 C. Cls. 143, 165), on November 10, 1925, and thereby awarded to the plaintiff the sum of $83,813.59 with interest.
On May 16, 1927, the Supreme Court affirmed the judgment of this court in the case of United States v. S. S. White Dental Manufacturing Co. of Pennsylvania (274 U. S. 398), *625 and its mandate was filed in this court on June 27, 1927, and contained the following direction:
“ The court, upon due consideration of the premises, find in favor of the plaintiff, and do order and adjudge that the plaintiff, as aforesaid, is entitled to recover and shall have and recover of and from the United States the sum of eighty-three thousand eight hundred thirteen dollars and fifty-nine cents ($83,813.59), with interest thereon at the rate of 6 per cent per annum from November 14,1923, to the date of this judgment.”
On July 1, 1927, the plaintiff filed with the Commissioner of Internal Revenue its judgment refund claim for $83,813.59 for payment, and asked interest thereon at the rate of 6 per cent per annum from November 14, 1923, to the date of the Supreme Court mandate on June 27, 1927.
The Commissioner of Internal Revenue in due course forwarded said judgment claim to the Comptroller General of the United States for settlement, and under date of November 10,1927, plaintiff requested the Comptroller General, by letter, to withhold payment of its claim pending disposition of an additional claim by the General Counsel’s Office, and informed the Comptroller General that he would be promptly notified of such disposition of the additional claim, at which time “ you can then proceed to settle this claim for $83,813,59 with interest from November 14, 1923, to June 27, 1927.”
On May 29, 1928, the revenue act of 1928, Public 562, was approved. Section 615 of said act, amending section 177 of the Judicial Code, as amended, is as follows:
“(a) Section 177 of the Judicial Code, as amended is amended to read as follows :
“ ‘ Sec. 177. (a) No interest shall be allowed on any claim up to the time of the rendition of judgment by the Court of Claims, unless upon a contract expressly ^stipulating for the payment of interest, except as provided in subdivision (b).
“£ (b) In any judgment of any court rendered (whether against the United States, a collector or deputy collector of internal revenue, a former collector or deputy collector, or the personal representative in case of death) for any overpayment in respect of any internal revenue tax, interest shall be allowed at the rate of 6 per centum per annum upon *626 the amount of the overpayment, from the date of the payment or collection thereof to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue.’
“(5) Subsection (a) of this section shall take effect on the expiration of thirty days after the enactment of this act.”
On June 29, 1928, plaintiff filed with the Comptroller General of the United States a letter dated June 28, 1928, in which plaintiff stated that the Bureau of Internal Revenue had acted upon the additional claim and requested the comptroller to proceed to settle its judgment claim for $83,813.99, with interest.
Under date of July 10, 1928, the Comptroller General of the United States settled plaintiff’s judgment claim in the amount of $101,999.97, and held that the proper amount of interest allowable in this case was $18,186.38, being interest from November 14, 1923, to June 27, 1927, the date of mandate of the Supreme Court.
Plaintiff under date of July 13, 1928, wrote to the Comptroller General of the United States requesting reconsideration of said settlement on the ground that additional interest is due plaintiff under said section 615 of the revenue act of 1928, supra, for the period from June 27,1927, to July 11, 1928, and requested that it be permitted to cash the Treasury check for $101,999.97, without prejudice of its rights on account of plaintiff’s claim for additional interest on its said judgment claim.
The Comptroller General replied by letter of July 13, 1928, informing plaintiff that no objection would be interposed to cashing said check; that such action would be without prejudice to its right to seek further review of the claim for additional interest.
On August 7, 1928, the Comptroller adhered to his original settlement an*d refused to pay plaintiff the additional interest requested from June 27, 1927, to July 10, 1928, on the ground that plaintiff was not entitled to interest during that period under the provisions of section 615 of the revenue act of 1928. On August 17,1928, plaintiff requested the Comptroller General in writing to reconsider his decision of August 7, 1928. Under date of September 1, 1928, the Comptroller General, by letter to plaintiff, again adhered to *627 bis decision of August 7, 1928, and refused to pay the additional interest.
It is the contention of plaintiff that section 615 of the revenue act of 1928 is applicable and that it should be paid the additional interest from June 27, 1927, the date of the mandate of the Supreme Court, to July 10, 1928. On the date of the mandate of the Supreme Court, June 27, 1927, section 177 of the Judicial Code, as amended (44 Stat. 119), provided for the allowance of the interest in any judgment of any court to date of entry of final judgment. The Comptroller General so allowed interest to plaintiff. We think the comptroller was correct, for the reason that section 615 of the revenue act of 1928 was given no retroactive effect by Congress.
The Supreme Court in the case of United States v. Magnolia Petroleum Co., decided February 20, 1928, 276 U. S. 160, held:
“ Statutes are not to be given retroactive effect or construed to change the status of claims fixed in accordance with earlier provisions unless the legislative purpose so to do plainly appears. United States v. Heth, 3 Cranch 399, 413; White v. United States, 191 U. S. 545, 552; Shwab v. Doyle, 258 U. S. 529, 534.”
Defendant’s demurrer that the petition fails to state facts sufficient for cause of action against the United States will be sustained. Petition is dismissed. It is so ordered.