GREEN, Judge,
concurring:
In determining whether the letter of the plaintiff to the Commissioner of Internal Revenue, dated October 4, 1920, may be treated as a claim for refund, it is necessary to consider the Treasury regulations in force at the time. These regulations required that a claim for refund should be made upon a certain form; that all the facts relied upon in support of the claim should be clearly set forth therein under oath; and that it should be accompanied by the collector’s receipt or the canceled check showing payment of the tax. Treasury regulations of this nature have uniformly been upheld by the courts. The decisions on this point are so numerous as to make citations unnecessary. The provisions of a Treasury regulation may, of course, be waived; and *282 it may be said that it has not been the practice of the Treasury to insist on the requirement that the claim should be made upon a particular form, but the letter of the plaintiff complied with absolutely none of the requirements. It merely asked that the plaintiff’s taxes be assessed on a different basis. In the recent case of Tucker v. Alexander, 275 U. S. 228, in a suit brought to recover tax refund, the Supreme Court said:
“Literal compliance with statutory requirements that a claim or appeal be filed with the commissioner before suit is brought for a tax refund may be insisted upon by the defendant, whether the collector or the United States.” (Citing several Supreme Court cases.)
Some claim is made, however, that the action of the commissioner in redetermining the tax in accordance with a request contained in the plaintiff’s letter of October 4, 1920, operated as a waiver of the provisions of the law. In the case last cited it was stipulated that if the court found that a certain deduction had been erroneously made, judgment should be for the plaintiff, and the court held that this stipulation and agreement waived the requirements of the regulations. But there is absolutely no evidence in the case at bar to show that anything in the nature of a waiver was done or made on the part of the Government. The commissioner proceeded to reassess the tax as he might have done ■either with or without the letter. To hold that this action operated as a waiver of the filing of a claim for refund would be to engraft without authority an exception to the law. This, I think, we can not do.
The original intent of Congress that interest should be paid only upon the allowance of a claim for refund is shown by the fact that Congress subsequently, by the act of 1924, amended the law so that interest was collectible simply upon the allowance of a refund. This amendment, however, is of no aid to the plaintiff, since it was held in United States v. Magnolia Petroleum Co., 276 U. S. 160, that it had no retroactive effect.