*274 MEMORANDUM BY THE COURT
This is a suit to recover interest upon the allowance of three claims for refund, of excise taxes. The right to additional interest is the single issue. The refund claims were allowed on September 18 and 28, 1923, and May 19, 1924. Interest on the sums refunded was computed by the commissioner under section 1324 of the revenue act of 1921, which provides as follows:
“ (a) That upon the allowance of a claim for the refund of or credit for internal revenue taxes paid, interest shall be allowed and paid upon the total amount of such refund or credit at the rate of one-half of one per centum per month to the date of such allowance, as follows: (1) If such amount was paid under a specific protest setting forth in detail the basis of and reasons for such protest from the time when such tax was paid, or (2) if such amount was not paid under protest but pursuant to an additional assessment from the time such additional tax was paid, or (3) if no protest was made and the tax was not paid pursuant to an additional assessment, from six months after the date of filing of such claim for refund or credit. The term ‘ additional assessment ’ as used in this section means a further assessment for a tax of the same character previously paid in part.”
The plaintiff contends that the commissioner should have computed the interest due under section 1019 of the revenue act of 1924 as reenacted by section 1116 of the revenue act of 1926. The case of the United States v. Magnolia Petroleum Co., 276 U. S. 160, precludes a recovery.
*275 The commissioner followed the statute in computing the interest allowable in every respect. The additional assessment claimed was not such a one as the act contemplated. The payment made involving additional taxes was by way of a penalty and interest for failure to pay the taxes assessed within the time required by the statute.
The petition will be dismissed. It is so ordered.