**J. H. WILLIAMS & CO. v. UNITED STATES.**

No. H–291.

Court of Claims.

Jan. 13, 1930.

Malcolm C. Law, of New York City (James L. Dohr, of New York City, on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Ralph E. Smith, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GRAHAM, WILLIAMS, LITTLETON, and GREEN, Judges.

GRAHAM, Judge.

■ The detailed facts in this case are set forth in the findings, and it is unnecessary to review them, for the reason that there is but one question raised, and that is a question of fact, viz., whether or not plaintiff on February 10, 1922, when it filed an amended income and profits tax return for the year 1918 showing a large sum due it for overpayment of taxes on account of amortization, at the same time filed a proper claim for refund. The findings settle this question in favor of the plaintiff, and find that such a claim for a refund was filed on the 10th of February, 1922.

The question raised was one of allowance of interest. The plaintiff claimed interest on the basis of section 1019 of the Revenue Act of 1924, 43 Stat. 253, 346 (26 USCA § 153 note) which provides as follows: "Upon the allowance of a credit or refund of any internal-revenue tax erroneously or illegally assessed or collected, ✻ ✻ ✻ interest shall be allowed and paid on the amount of such credit or refund ✻ ✻ ✻ from the date such tax ✻ ✻ ✻ was paid to the date of the allowance of the refund; ✻ ✻ ✻" that is to say, from the 10th of February, 1922, the date of the filing of the claim, to the 30th of April, 1924, the date of the allowance of the refund.

■ After plaintiff's petition was filed, the Supreme Court in the case of United States v. Magnolia Petroleum Co., 276 U. S. 160, 162, 48 S. Ct. 236, 72 L. Ed. 509, decided that section 1019, supra, of the Revenue Act of 1924, could not be construed retroactively as substituting that basis of interest recovery for the basis in the act of 1921 as to refunds which had been allowed under an earlier act, but not computed or paid when the later act was passed. It is therefore conceded by both parties that this decision is controlling here, and that interest can only be recovered from six months after the date of the demand, February 10, 1922, that is to say, from August 10, 1922, to April 30, 1924, the date the Commissioner signed the schedule of refunds as reported to him by the collector (Girard Trust Co. v. United States, 270 U. S. 163, 46 S. Ct. 229, 70 L. Ed. 524), on the amount shown by the said schedule of refunds, viz., $131,477.76, which makes the recoverable amount of interest $13,571.13, and for this amount judgment should be entered in favor of the plaintiff, and it is so ordered.