Graham, Judge,
delivered the opinion:
The detailed facts in this case are set forth in the findings and it is unnecessary to review them, for the reason that there is but one question raised and that is a question of fact, viz, whether or not plaintiff on February 10, 1922, when it filed an amended income and profits tax return for the year 1918 showing a large sum due it for overpayment of taxes on account of amortization, at the same time filed a proper claim for refund. The findings settle this question in favor of the plaintiff and find that such a claim for a refund was filed on the 10th of February, 1922.
The question raised was one of allowance of interest. The plaintiff claimed interest on the basis of section 1019 of the revenue act of 1924, 43 Stat. 253, 346, which provides as follows:
“ Upon the allowance of a credit or refund of any internal-revenue tax erroneously or illegally assessed or collected, * * * interest shall be allowed and paid on the amount of such credit or refund * * * from the date such tax * * * was paid to the date of the. allowance of the refund * *
*6 that is to say, from the 10th of February, 1922, the date of the filing of the claim, to the 30th of April, 1924, the date of the allowance of the refund.
After plaintiff’s petition was filed the Supreme Court in the case of United States v. Magnolia Petroleum Co., 276 U. S. 160, 162, decided that section 1019, supra, of the revenue act of 1924, could not be construed retroactively as substituting that basis of interest recovery for the basis in the act of 1921 as to refunds which had been allowed under an earlier act but not computed or paid when the later act was passed. It is therefore conceded by both parties that this decision is controlling here and that interest can only be recovered from six months after the date of the demand, February 10, 1922, that is to say, from August 10, 1922, to April 30, 1924, the date the commissioner signed the schedule of refunds as reported to him by the collector (Girard Trust Co. v. United States, 270 U. S. 163), on the amount shown by the said schedule of refunds, viz, $131,477.76, which makes the recoverable amount of interest $13,571.13, and for this amount judgment should be entered in favor of the plaintiff and it is so ordered.
Williams, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.
OPINION ON MOTION POR NEW TRIAL
Littleton, Judge,
delivered the opinion of the court:
This suit was brought to recover $13,571.13, interest on an overpayment of tax for 1918, which overpayment was duly allowed; $131,477.76 thereof was paid to the plaintiff by check of May 15, 1924, and a balance of $5,671.29 was credited against an additional tax for 1919.
The ground upon which the suit was brought in this court was that the plaintiff filed with the Bureau of Internal Be venue a claim for refund for 1918 on February 10, 1922, and that under the third ground specified in section 1324 (a) of the revenue act of 1921, with reference to the payment of interest upon the allowance of a claim for refund or credit, plaintiff was entitled to interest upon the *7 overpayment- refunded from six months after February 10, 1922, to the date of the allowance of the claim. Prior to bringing its suit plaintiff had requested and petitioned the Commissioner of Internal Revenue to allow and pay interest upon the refund made for 1918, but the commissioner’s office could not locate the claim for refund, claimed to have been filed, or any record of it having been received by the bureau, and for that reason refused to compute and allow any interest.
The overpayment arose out of certain adjustments and allowances made by the Commissioner of Internal Revenue with respect to amortization of war facilities for 1918, and when the plaintiff requested the commissioner to allow interest he took the position that the overpayment had been determined as a result of plaintiff’s claim for amortization in connection with an amended return filed and that it was not the result of “ the allowance of the claim for refund,” but by authority of the provisions of section 252 of the revenue act of 1921, which directs the commissioner to make a refund of any overpayment determined within five years after the return was due.
Certain facts were stipulated and testimony was taken by the plaintiff and the defendant and thereafter the court published its special findings of fact. In Finding XVIII the court found as a fact that plaintiff duly filed a claim for refund of $282,658.63 for 1918 on February 10, 1922, and in Findings XIX, XX, and XXI the court found facts with reference to the execution of the claim, the grounds thereof and the reasons stated in support of the claim of taxpayer for its allowance. As a result of these findings the court decided that plaintiff was entitled to interest under the provisions of section 1324 of the revenue act of 1921 from August 10, 1922, six months after the filing of the claim for refund, to April 30, 1924, the date on which the commissioner made his allowance. Judgment was accordingly entered for the amount sued for.
The United States denied the right of plaintiff to recover and defended on the ground that plaintiff had never filed a claim for refund. After the findings and decision by the court, the defendant filed a motion for a new trial on the *8 ground that the court had erred in finding that plaintiff had filed a claim for refund and on the further ground that plaintiff had instituted a suit in the United States district court at Brooklyn, New York, seeking to recover an alleged overpayment of tax for 1918 in addition to the overpayment allowed and paid by the commissioner upon which the suit for interest in this court is predicated.
Defendant’s counsel undertook to set up certain inferences drawn from the suit instituted in the district court and from certain proceedings therein, which it is claimed support the Government’s contention that no claim for refund was ever filed with the Bureau of Internal Revenue until the filing of a claim on February 11, 1924, which was less than six months prior to the date on which the commissioner allowed the refund for 1918.
In the motion for a new trial defendant counsel reargues the position originally taken that the plaintiff failed to prove that it filed a claim for refund in February, 1922, or at any other date prior to February 11, 1924.
We have again examined the entire record in the case, all the testimony and exhibits presented by both parties in the light of the argument originally made by the defendant and also the brief in support of a motion for a new trial, and we find no reason to modify the findings originally made or to change the decision rendered, thereon.
When the case was heard the parties filed a stipulation of certain preliminary and uncontroverted facts accompanied by certain written documents in the form of original and amended returns, schedules of overassessments, refunds and credits, and a letter dated February 10, 1922, addressed to the Commissioner of Internal Revenue signed by the plaintiff by its attorney, Robert C. Cooley, transmitting an amended return and certain other documents to the commissioner. In addition plaintiff produced as a witness Robert C. Cooley, plaintiff’s attorney, who represented and handled all the matters in connection with its claim for amortization, the amended return, and the claim for refund alleged to have been filed February 10, 1922. This witness testified positively with reference to the handling of the matter, the conferences with plaintiff’s officers, the preparation of the amended re *9 turn showing the great reduction in the tax liability oyer the amount paid on the original return, the amortization schedules, the claim for refund, and the transmittal of all these documents securely fastened together with the letter of February 10, 1922, to the Commissioner of Internal Revenue. His testimony shows that the amended return, schedules, amortization claim, and the claim for refund were prepared on February 9, 1922, and were brought to Washington by him on the night of that date; it shows the amount of refund claimed therein, that the claim was prepared on standard Form 843 of the Bureau of Internal Revenue, that it was sworn to by the plaintiff company by its proper officer before a notary public, and that the grounds of the claim and the reason for the allowance thereof were that the plaintiff was entitled to an allowance of $399,158.90 for amortization of war facilities pursuant to section 234 (a) of the revenue act of 1921, as set forth in the amended return for 1918 filed on that date, to wit, February 10, 1922; that the amount of $282,658.53 which it was claimed should be refunded was the difference between the tax theretofore paid for 1918 on the original return of $384,592.84 and the tax shown to be due by the amended return of $101,934.21. His testimony further show's that the amended return, schedules, the claim, and the letter of February 10, 1922, were securely fastened together at the time they were filed with the Bureau of Internal Revenue and that the letter of February 10, 1922, was written in Washington, and that the witness personally delivered and filed all of the papers mentioned with the chief of the amortization section of the Bureau of Internal Revenue on February 10, 1922. The certified copies of the amended return and the letter referred to show evidence of the fact that they were fastened together and they further show that they had been torn apart and the fastener removed. The original letter of plaintiff’s attorney dated February 10, 1922, a certified copy of which was made a part of the stipulation, does not mention the claim for refund but only mentions the amended return in supporting amortization schedules, the amount of amortization claimed, and the power of attorney of the writer of the letter. Mr. Cooley presented a duplicate carbon copy of the *10 original, which carbon bears the notation which he testifies he made thereon when he filed the documents with the Bureau of Internal Bevenue. This notation ,is as follows: “ Copy filed with refund claim, amended return, amortization claim, power of attorney by B. C. Cooley personally at Washington with Major Delamater, chief of the amortization section.”
This testimony was not contradicted by the defendant. We believed, and still believe, the testimony of this witness to be true.
In rebuttal of this testimony counsel for the defendant called as a witness an employee of the Bureau of Internal Bevenue in the claims control section of the Income Tax Unit, who testified that her duties were to make a card record of all claims reaching her section and that when the matter of the claim involved in this su,it came up she made a search by direction of the Deputy Commissioner of Internal Beve-nue of the card records in her section and in other sections where the case of the plaintiff might have been considered, but that she could not find any record made of the claim of February 10, 1922. She testified that in her examination of the card records she found a record of other companies of the same name as the plaintiff but at a different address and that those card records contained statements with reference to claims having been filed. This witness did not, and, of course, perhaps she could not, proceed to investigate the various files in the amortization section or other sections in which the case of this taxpayer was handled, nor does she testify that she examined the files of the companies having the same name as this plaintiff, but which were shown on the card record as having a different address, to see whether the claim alleged to have been filed by this taxpayer might have found its way into the file of another taxpayer of the same name. We have no reason to disbelieve anything testified to by the defendant’s witness. We think all that she said ,is true, but her testimony shows nothing more than that she could find no card record of a claim for refund having been filed by plaintiff on February 10, 1922, but this testimony does not controvert the positive fact established by the plaintiff that the claim was prepared and filed. It is quite *11 probable that with the many thousands of cases, documents, and claims pending and being constantly considered and audited in the Bureau of Internal Revenue, the claim of this plaintiff, having been attached to an amended return and transmitted directly to the amortization section instead of through the office of the collector of internal revenue, as is the usual custom, became misplaced, lost, or associated with some other file of some other taxpayer when it was detached from the amended return and amortization claim. It is a fair inference that the employee of the amortization section did not properly route the refund claim to the claims-control section for appropriate record there.
The testimony of the Government witness and the inferences which the defendant seeks to draw from certain correspondence and from the fact that the claim could not be located does not refute the fact that the claim was duly filed.
We find nothing in the suit instituted in the district court at Brooklyn, New York, or in the transcript of the argument before the court on March 5 and April 4, 1930, or in the opinion of the court of March 25, 1930, which in any way affects the question ,in this suit or throws any additional light upon the question whether plaintiff filed a claim for refund on February 10, 1922. That suit, as hereinbefore stated, was instituted to recover an alleged overpayment for 1918 in excess of that allowed and paid by the commissioner, and in the hearing and argument before the court plaintiff and the Government made reference to a claim for refund filed by plaintiff on February 11, 1924. The petition in that case alleged the filing of the claim for refund on February 10, 1922, as well as the one of February 11, 1924, but apparently at the hearing only the claim of February 11, 1924, which was filed within five years after the return for 1918, was due, was insisted upon. It appears that the February 11, 1924, claim was for the purpose of claiming a larger amount than had been stated in the claim of February 10, 1922, for the 1924 claim asserted the right to a refund of the entire tax paid for 1918. The district court upon consideration of the matter sustained the contention of the Government that, to be valid, a claim for refund for 1918 *12 must be filed within four years after the payment of tax as provided by section 3228 of the Revised Statutes as amended, and also that the 1924 claim did not state grounds sufficient to constitute the basis for a suit, and dismissed the petition. The questions considered and decided by that court are not involved here and we express no opinion thereon. We refer to that case to show that nothing said or done therein has any bearing on the question before this court, or in any way supports the contention of the defendant here that plaintiff did not file a claim for refund on February 10, 1922.
Delay in acting upon the defendant’s motion for a new trial was due to a misunderstanding. The motion for a new trial is without merit and is accordingly overruled.
Whalex, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.