**CHESTNUT & SMITH, Inc., v. UNITED STATES.**

No. K-105.

Court of Claims.

Feb. 8, 1932.

Earl W. Shinn, of Washington, D. C. (H. B. McCawley, of Washington, D. C., and Fred R. Angevine, of New York City, on the brief), for plaintiff.

Charles B. Rugg, Asst. Atty. Gen., and Charles R. Pollard and Joseph H. Sheppard, both of Washington, D. C., for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, GREEN, LITTLETON, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff seeks to recover the sum of $31,461.43, additional interest to that allowed by the Commissioner of Internal Revenue on account of an overpayment of its income and excess profits taxes for the year 1917, which was refunded and credited during the year 1923.

The plaintiff on April 1, 1918, filed with the collector of internal revenue its tentative income and excess profits tax return for the year 1917 showing an income tax due thereon of $64,665.61, and an excess profits tax amounting to $602,820.38. At the same time plaintiff filed with the collector a supplemental income and excess profits tax return, in which return the excess profits tax was not computed; the only difference between the original and the supplemental excess profits tax return being that in the original or tentative return the excess profits tax was computed without including an invested capital the value of certain gas leases owned by plaintiff, while in the supplemental return the value of the gas leases was included in invested capital, but the excess profits tax due thereon was not computed.

On June 10, 1918, the plaintiff was notified by the Commissioner of Internal Revenue that, while the amount of its taxes for the year 1917 had not been definitely determined, it appeared that the amount would not be less than $469,903.42, and that with the payment of that amount plaintiff might file a claim for the abatement of the amount assessed in excess of that amount. The plaintiff thereupon, on June 12, 1918, forwarded its check

to the Commissioner for the aforesaid amount, together with a letter which will be hereinafter considered, protesting the said payment.

The plaintiff on December 18, 1920, filed its amended income and excess profits tax returns for the year 1917, and also filed on the same day a claim for refund based on the amended returns. In the amended returns the value of plaintiff's gasoline contracts was included in invested capital at $1,983,595.58, the total invested capital shown in the return being $2,406,649.04.

Upon final audit of the plaintiff's income and excess profits tax returns for the year 1917 the Commissioner of Internal Revenue determined the correct tax liability to be $131,047.04, resulting in an overassessment of $331,766.61. The amount of the overpayment was credited and refunded to plaintiff in the year 1923. There is no issue between the parties as to the amount of the overpayment or as to the manner in which it was credited and refunded. The controversy relates entirely to the amount of interest plaintiff is entitled to receive on the overpayment. In allowing interest on the overpayment of $331,766.61, the Commissioner computed it from six months after the filing of the claim to the date of the allowance. The plaintiff contends interest should have been computed from the date on which the tax was paid, June 15, 1918, in accordance with the provisions of section 1324 (a) of the Revenue Act of 1921, c. 136 (42 Stat. 227, 316): "That upon the allowance of a claim for the refund of or credit for internal revenue taxes paid, interest shall be allowed and paid upon the total amount of such refund or credit at the rate of one-half of 1 per centum per month to the date of such allowance, as follows: (1) if such amount was paid under a specific protest setting forth in detail the basis of and reasons for such protest, from the time when such tax was paid. * * *"

The plaintiff, relying upon two letters written by it, one bearing date March 29, 1918, forwarded to the collector of internal revenue with its tentative and supplemental tax returns, the other dated June 12, 1918, transmitted to the collector of internal revenue with its check for $469,903.42, contends that it paid its taxes for the year 1917 under "specific protest."

What constitutes a valid protest within the meaning of section 1324 (a) of the 1921 Revenue Act has been defined by the Supreme Court. Its purpose is to invite the attention of the taxing officers to the illegality of the

collection so that they may take remedial measures at once. It must be specific, and the reasons assigned for it must furnish information that will aid in determining whether an overassessment has been made, and must be such as will afford a valid basis for a refund of the taxes. Girard Trust Company v. United States, 270 U. S. 163, 46 S. Ct. 229, 70 L. Ed. 524; United States v. Magnolia Petroleum Company, 276 U. S. 160, 48 S. Ct. 236, 72 L. Ed. 509.

The letter of March 29, 1918 is set out in full in finding 22. This letter is quite lengthy and its contents need not be recited in detail, but its purpose clearly appears in the first two paragraphs:

"Filed herewith are two reports for the income and excess-profit tax of Chestnut & Smith, Incorporated, Tulsa, Oklahoma. One is a tentative return based on the strict application of the law and the other a supplementary return, which we desire to submit as an example of a representative company engaged in like business.

"We desire to appeal for relief under section 210 as explained in articles Nos. 52, 18, and 24 of regulation No. 44 of the excess profits tax law. You will note from the tentative return—these are the facts on which we base our appeal."

This language is unmistakable in its meaning, and does not require interpretation. It is a specific request for special assessment under section 210 of the 1917 Revenue Act (40 Stat. 307).

The remainder of the letter is devoted entirely to a statement of the facts on which the request for special assessment is made. It is stated the taxable income as disclosed in the tentative return "is seriously disproportionate to the capital invested," and "it is impossible for us to accurately determine the amount of invested capital used in the business," and that "the strict enforcement of the law in regard to the payment of the income and excess-profits tax by Chestnut and Smith will work a serious hardship. * * *" Although the letter states, "By ruling of the honorable advisory board, these gas leases used in the manufacture of casing-head gasoline have been held to be tangible property and so admissible under article B, page 2 of the excess profit tax law," plaintiff makes no request that its tax liability be computed under the ordinary statutory method, on the basis of a determination of its invested capital, including the value of its gas leases. The supplementary return clearly was not submitted for that purpose, but as "an example of a representative company engaged in like business," and as a basis for assessment under the provisions of section 210 as explained in articles Nos. 18, 24, and 52 of Regulations 41, which plaintiff in the letter specifically requested.

In the letter of June 12, 1918, plaintiff said:

"We are sending you to-day $469,903.-42, being in accordance with notice received from Daniel C. Roper, commissioner, as our excess and income taxes as assessed by the Internal Revenue Department at Washington.

"The amount of taxes relative to companies of this kind have been pending before the advisory board at Washington. We want it understood that in the payment we are making, we are making it with the view and idea that we shall be credited by any relief that may be granted by the said advisory board to companies in a similar or like business, or to this particular industry.

"We are making this payment under protest, but in order that your office may not be inconvenienced and that there shall be no delay in paying what we justly owe, we are sending this amount at present."

[2] This language falls short of being a "specific protest setting forth in detail the basis of and reasons for such protest." It is a general protest based on the statement payment is being made "with a view and idea that we shall be credited by any relief that may be granted by the said advisory board to companies in a similar or like business, or to this particular industry." The illegality of the tax is not asserted, and the reason assigned for the protest gives no information or states nothing that would aid the Commissioner in determining whether an overassessment had been made, or that affords a valid basis for a refund of the taxes. The protest stated in this letter undoubtedly relates back to the plaintiff's request for special assessment under section 210 of the Revenue Act of 1917 in its letter of March 29, 1918.

It is manifest the two letters relied upon by the plaintiff as constituting a specific protest against the payment of its 1917 taxes amount only to a request for special assessment. Request for special assessment under section 210 of the Revenue Act of 1917, is not a specific protest within the meaning of section 1324 (a) of the Revenue Act of 1921. Maas & Waldstein Co. v. United States, 283 U. S. 583, 51 S. Ct. 606, 75 L. Ed. 1285.

The overpayment in this case was determined on the basis of the amended returns and the claim for refund filed on December 18, 1920, and not on the basis of information furnished in the letter of March 29, 1918, in which special assessment was requested, nor on the letter of June 12, 1918, where payment of the tax was protested "with the view and idea that we shall be credited by any relief that may be granted by the said advisory board to companies in a similar or like business, or to this particular industry."

The Commissioner of Internal Revenue properly computed interest on the overpayment from six months after the filing of the claim for refund, as is provided in clause 3 of section 1324 (a) of the Revenue Act of 1921.

The petition is therefore dismissed. It is so ordered.

BOOTH, Chief Justice, and GREEN, Judge, concur.

LITTLETON, Judge, concurs in the result.

WHALEY, Judge, took no part in the decision of this case on account of illness.