*Decision will be entered under Rule 50.*

RALPH W. HARBISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM ALBERT HARBISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 54346, 54347. Promulgated August 29, 1932.

*J. E. MacCloskey, Jr., Esq.,* for the petitioners.
*James K. Polk, Esq.,* for the respondent.

898

OPINION.

SMITH: The first issue, common to both dockets, is the proper basis for computing the gain upon the sale of certain stock in the taxable year. This stock was distributed to the petitioners on May 11, 1925, after the termination of the trust created under the will of the petitioners' father, who died May 11, 1905. The respondent contends that the basis is the March 1, 1913, value of the stock, whereas the petitioners contend that its value when distributed to them in 1925 is the proper basis. The basis for determining gain or loss from the sale or other disposition of property is prescribed

by section 113 of the Revenue Act of 1928, which, in so far as material to our determination, is as follows:

(a) (5) *Property transmitted at death.*—If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. If the property was acquired by the decedent's estate from the decedent, the basis in the hands of the estate shall be the fair market value of the property at the time of the death of the decedent. *In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer.* * * * [Italics supplied.]

In comparable cases arising under prior revenue acts the basis for computing gain or loss was the value of property when "acquired" or at the "time of acquisition," which terms have been interpreted to mean the value at the date of the decedent's death. See *Brewster* v. *Gage*, 280 U. S. 327; 50 Sup. Ct. 115, 117. In noting the change in the wording of section 113 (a) (5) of the Revenue Act of 1928, the Supreme Court said:

The Revenue Act of 1928, § 113 (a) (5), expressly established value at the time of the death of the decedent as the basis of calculation in respect of sales of personal property acquired by specific bequest and of real estate acquired by general or specific devise or by intestacy, and in all other cases fixed fair market value at the time of distribution to the taxpayer as the basis. 45 Stat. 819 (26 USCA § 2113). The deliberate selection of language so differing from that used in the earlier acts indicates that a change of law was intended. Ordinarily, statutes establish rules for the future, and they will not be applied retrospectively unless that purpose plainly appears. *United States* v. *Magnolia Co.*, 276 U. S. 160, 162, 48 S. Ct. 236, 72 L. Ed. 509, and cases cited. There is no support for the suggestion that subdivision (5) expressed the meaning, or was intended to govern or affect the construction, of the earlier statutes.

The original change in the Revenue Act of 1928 was recommended to Congress by the Joint Committee on Internal Revenue Taxation in order " to make the basis certain and definite " and avoid the doubt as to what is meant by the date of acquisition. See Report of Joint Committee, vol. 1, pp. 17, 74, 75. The Ways and Means Committee Report No. 2, p. 18, 70th Cong., 1st sess., indicates that it accepted the Joint Committee's recommendation and states that " the value on the date of death affords an equitable and more readily determinable basis."

The Senate Finance Committee Report No. 960, p. 28, 70th Cong., 1st sess., contains the following explanation respecting section 113 (a) (5), which was enacted as changed by the Senate:

The decision by the Court of Claims in *McKinney* v. *United States* has caused confusion in the existing law as to the basis on which an executor must determine gain or loss on the sale by him of property of the estate. The House bill in section 113 (a) (5) provides that in such cases the basis shall be the fair market value of the property at the time of the death of the decedent. In the

same section the House bill provides the same basis shall be used where the property is sold by the beneficiary.

It appears that the House bill is inadequate to take care of a number of situations which frequently arise. For example, the executor, pursuant to the terms of the will, may purchase property and distribute it to the beneficiaries, in which case it is impossible to use the value at the decedent's death as the basis for determining subsequent gain or loss, for the decedent never owned the property. Moreover, the fair market value of the property at the decedent's death can not properly be used as the basis, in the case of property transferred in contemplation of death where the donee sells the property while the donor is living.

Accordingly, the committee has revised section 113 (a) (5) and certain related sections, so as to provide that in the case of a specific bequest of personalty or a general or specific devise of realty, or the transmission of realty by intestacy, the basis shall be the fair market value at the time of the death of the decedent. In these cases it may be said, as a matter of substance, that the property for all practical purposes vests in the beneficiary immediately upon the decedent's death, and therefore the value at the date of death is a proper basis for the determination of gain or loss to the beneficiary. The same rule is applied to real and personal property transmitted by the decedent, where the sale is made by the executor. In all other cases the basis is the fair market value of the property at the time of the distribution to the taxpayer. The latter rule would obtain, for example, in the case of personal property not transmitted to the beneficiary by specific bequest, but by general bequest or by intestacy. It would also apply in cases where the executor purchases property and distributes it to the beneficiary.

The legislative history of this provision indicates that Congress intended to apply the provision: " in all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of distribution to the taxpayer," to personal property not acquired by specific bequest, but either under the will of the decedent or by reason of intestacy when sold by a taxpayer.

The petitioners acquired the stock in question under the terms of their father's will, after the termination of the trust. There was no specific bequest of this stock, which was a portion of the decedent's personal property. The basis with which we are concerned is not " the basis in the hands of the estate," but the basis to these taxpayers, which is the fair market value of the stock at the time of distribution to them on May 11, 1925. This value, properly adjusted to reflect the subsequent stock dividends, is stipulated to be $105 per share. The petitioners' gain upon the sale of the shares of stock in 1928 should be computed accordingly. Cf. *Lane* v. *Corwin*, 1 Fed. Supp. 151.

The petitioner in Docket No. 54347 elected to have his capital net gain upon the sale of the above stock taxed at the 12½ per cent rate provided in section 101 (a) of the Revenue Act of 1928. During the taxable year he made contributions in the amount of $27,996.83 to organizations within the purview of section 23 (n) of the Revenue Act of 1928. The second issue concerns only that petitioner and the

computation of the allowable deduction for these contributions, which is limited to "15 per centum of the taxpayer's net income as computed without the benefit of this subsection." Sec. 23 (n). By an amended answer the respondent alleges that he erroneously allowed the deduction of the total amount of these contributions, whereas the allowance should have been limited to 15 per cent of this petitioner's net income, other than capital gains. The respondent duly asserts claim for the increased deficiency that may result from the recomputation of this deduction.

This petitioner, having elected to have his profit upon the stock sold taxed under the provisions of section 101 (a) of the Revenue Act of 1928, is subject to the tax imposed by that provision, which is determined as follows:

* * * a partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted and the total tax shall be this amount plus 12½ per centum of the capital net gain.

"Ordinary net income," as used in connection with this provision "means the net income, computed in accordance with the provisions of this title, after excluding all items of capital gain, capital loss, and capital deductions." Sec. 101 (c) (7). In other words, when a taxpayer avails himself of the benefits of section 101 (a), he elects, in effect, to have his tax liability determined in two parts—first, upon the ordinary net income exclusive of his capital net gain, and, second, upon his capital net gain at the 12½ per cent rate,—the sum of the two constituting the amount of his tax. Obviously, therefore, the amount of this petitioner's capital net gain should be excluded from the amount of his net income upon which to compute the 15 per cent deduction for contributions within the purview of section 23 (n). This last amount, stipulated as $66,634.87, is petitioner's "ordinary net income" as prescribed by sections 101 (a) and 21, computed without the benefit of subsection 23 (n), upon which to compute the 15 per cent deduction. Cf. *Hallie D. Elkins*, 24 B. T. A. 572.

*Judgment will be entered under Rule 50.*