*Decision will be entered under Rule 50.*

THE COMMODORE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 102997, 103633. Promulgated March 19, 1942.

*Gardner Abbott, Esq.*, for the petitioner.
*Walter W. Kerr, Esq.*, for the respondent.

**OPINION.**

Smith: The respondent has determined that the basis of petitioner's property for the purpose of depreciation allowances is the basis of its predecessor, the Northwest Co., reduced by the second mortgage indebtedness in the amount of $678,967.48 which was canceled in the reorganization proceedings under section 77B of the National Bankruptcy Act. In so holding the respondent relies upon section 270 of chapter 10 of the National Bankruptcy Act, effective September 22, 1938, which provides as follows:

Sec. 270. In determining the basis of property for any purposes of any law of the United States or of a State imposing a tax upon income, the basis of the debtor's property (other than money) or of such property (other than money) as is transferred to any person required to use the debtor's basis in whole or in part shall be decreased by an amount equal to the amount by which the indebtedness of the debtor, not including accrued interest unpaid and not resulting in a tax benefit on any income tax return, has been canceled or reduced in a proceeding under this chapter. The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe such regulations as he may deem necessary in order to reflect such decrease

in basis for Federal income-tax purposes and otherwise carry into effect the purposes of this section.

The petitioner argues that the respondent erred because (1) section 270 can not be applied retroactively to cover this case, and (2) if it could be so applied the 1940 amendment to the section is equally, retroactive. That amendment, which was enacted on July 1, 1940, provides that the basis of properties in the hands of the transferee of the debtor in the reorganization proceedings may not be reduced below the fair market value of the property at the date of the reorganization. The petitioner contends that the fair market value of the property at the date of the reorganization was not less than $806,000 so that even if section 270, as amended, is applied the respondent's determination is incorrect because it reduces the basis of the property in petitioner's hands below $806,000. No allegation of error is made with respect to respondent's adjustment of petitioner's rate of depreciation.

A preliminary question to be decided is whether there was in fact a reorganization in the year 1936 within the meaning of section 112 (g) (1) of the Revenue Act of 1936 so that petitioner is required by the provisions of section 113 (a) (7) to use the basis of its predecessor, the debtor in the bankruptcy proceedings, for the purpose of computing depreciation allowances. The respondent concedes that there was a reorganization within the meaning of the statute and this concession is entirely correct on the evidence. The petitioner received all of the assets of the Northwest Co. in exchange solely for its voting stock, which was then transferred by the Northwest Co. to the trustee under the indenture securing the first mortgage leasehold bonds. At the time of the reorganization the first mortgage bondholders were the sole owners of the equity in the properties of the Northwest Co. The transaction was plainly a "reorganization" as defined by section 112 (g) (1) (B) of the Revenue Act of 1936—"the acquisition by one corporation in exchange solely for all or a part of its voting stock; * * * of substantially all the properties of another corporation." Cf. *Helvering* v. *Alabama Asphaltic Limestone Co.*, 315 U. S. 179, with *Helvering* v. *Southwest Consolidated Corporation*, 315 U. S. 194.

The question remaining for our consideration is whether the petitioner is entitled to use the basis of the transferor company for the property, unadjusted by the amount of the second mortgage principal indebtedness which was canceled in the proceedings under section 77B. The petitioner must prevail unless section 270 of the 1938 amendment of the National Bankruptcy Act may be applied retroactively to reduce the basis of property for depreciation in taxable years prior to its effective date. We do not have before us the

question whether in years following the enactment of section 270 the basis of petitioner's property is to be reduced.

It is a fundamental rule of construction that a statute will not be applied retroactively unless that clearly appears to be its purpose. *Brewster* v. *Gage*, 280 U. S. 327; *United States* v. *Magnolia Petroleum Co.*, 276 U. S. 160; *Shwab* v. *Doyle*, 258 U. S. 529. The Senate Judiciary Committee reported as follows with regard to section 270:

Sections 268, 269, and 270 are intended to preclude tax assessments resulting from the scaling of indebtedness on the basis of a write-down in the valuation of a debtor's assets, without an actual sale or exchange of such assets. Section 270 avoids the possibility of any double deduction. Where debt forgiveness, resulting from a debt readjustment, is exempt from the tax upon income or profit, *the cost of the property dealt with by the settlement is to be decreased, for future tax purposes,* by an amount equal to the amount of the indebtedness cancelled or reduced in the proceeding. [S. R. No. 1916, 75th Cong., 3d sess., p. 39.] [Emphasis supplied.]

It is clear that section 270 itself has only prospective operation. There is no language in the section to indicate an intention that it should affect prior years. The reference to "future tax purposes" in the Senate Committee report rules out entirely the possibility of retroactive application. Section 270 refers only to reductions of indebtedness in proceedings under "this chapter," viz., chapter 10, enacted in 1938, and therefore the section is not by its terms applicable to property which was transferred in the course of proceedings under section 77B.

Thus, section 270 in itself does not support the respondent's determination. It may be argued that section 276 c lends support to the respondent. The respondent does not mention section 276 on brief but the point is worthy of consideration. Section 276 c provides in material part as follows:

c. the provisions of sections 77A. and 77B of chapter VIII, as amended, of the Act entitled "An Act to establish a uniform system of bankruptcy throughout the United States," approved July 1, 1898, shall continue in full force and effect with respect to proceedings pending under those sections upon the effective date of this amendatory Act, except that—

\*  \*  \*  \*  \*  \*  \*

(3) sections 268 and 270 of this Act shall apply to any plan confirmed under section 77B before the effective date of this amendatory Act and to any plan which may be confirmed under section 77B on and after such effective date, except that the exemption provided by section 268 of this Act may be disallowed if it shall be made to appear that any such plan had for one of its principal purposes the avoidance of income taxes, and except further that where such plan has not been confirmed on and after such effective date, section 269 of this Act shall apply where practicable and expedient.

The purpose of section 276 was to keep section 77B operative, with certain exceptions, with respect to proceedings pending under section 77B on the effective date of the 1938 amendment of the National

Bankruptcy Act. S. R. No. 1916, 75th Cong., 3d sess., *supra.* There is nothing in the language of this section which requires section 270 to be applied so as to reduce the basis of the property during taxable years prior to 1938. When read in connection with the other subdivisions of section 276, it is clear that subdivision (c) simply extends the prospective operation of section 270 to properties which were transferred in the course of a section 77B reorganization which occurred prior to September 22, 1938, since section 270 does not otherwise cover such properties. The petitioner's contention is therefore sustained. The respondent's reduction of the basis of the petitioner's depreciable property by the amount of the second mortgage indebtedness which was canceled in the course of the proceeding under the bankruptcy act was erroneous.

The second issue presented for our consideration is whether the cost of replacing a portion of the cornice of the petitioner's building is a deductible expense. The original decorative stone work on three corners of the hotel was found to be in an unsafe condition after a storm and was completely removed. In its place the petitioner installed copper sheeting at a net cost of $5,248. The petitioner deducted that amount as an ordinary and necessary business expense in computing its income for the taxable year ended June 30, 1938. The respondent disallowed the deduction, claiming that the outlay was a capital expenditure recoverable only through depreciation. We are satisfied on the evidence that the copper sheeting installed merely kept the building in ordinary operating condition and did not materially add to its value or prolong its life. Under such circumstances the expenditure is deductible as an ordinary and necessary business expense. *Illinois Merchants Trust Co., Executor,* 4 B. T. A. 103; art. 23 (a)–4, Regulations 94.

*Decisions will be entered under Rule 50.*