## COMMISSIONER OF INTERNAL REVENUE v. COMMODORE, Inc.

### No. 9355.

Circuit Court of Appeals, Sixth Circuit.

April 13, 1943.

90

Morton K. Rothschild, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, J. Louis Monarch, and Arthur A. Armstrong, all of Washington, D. C., on the brief), for petitioner.

Thomas M. Harman, of Cleveland, Ohio (Gardner Abbott, and Jones, Day, Cockley & Reavis, all of Cleveland, Ohio, on the brief), for respondent.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

Petition to review decisions of the Board of Tax Appeals that there are deficiencies in the income tax of respondent for the years 1937 and 1938, in the respective amounts of $4,474.19 and $2,156.06, and that there is no deficiency in excess-profits tax for the year 1938.

The Commissioner had determined a deficiency in income tax for the year 1937 in the sum of $10,445.89 and a deficiency in income tax of $7,502.52, and in excess-profits tax of $734.19, for the year 1938. The Board declined to sustain these assessments.

The facts are undisputed.

The respondent, the Commodore, Inc., an Ohio corporation, operates an apartment hotel in Cleveland. The hotel property was originally owned by the Commodore Improvement Company, herein called Improvement Company. On February 1, 1923, the Improvement Company executed a first mortgage on the property to the Cleveland Trust Company, as trustee, which secured an issue of One Million Dollars of First Mortgage Leasehold Seven Percent Gold Bonds, due serially up to and including February 1, 1935. It also executed a second mortgage securing bonds in the sum of $400,000.00. In 1926 it defaulted in the payments under the second mortgage and the property was sold under foreclosure to the Northwest Company which assumed payment of the first mortgage bonds.

In 1927 the Northwest Company executed its note in the sum of one million dollars to the Union Mortgage Company, herein called Union Company, which is secured by second mortgage upon the property subordinate to the first mortgage and certain chattel mortgages. In 1928 the Union Company, sole stockholder of the Northwest Company, was placed in receivership and an ancillary receiver was appointed for the Northwest Company.

In 1928 the Northwest Company defaulted in payments upon the principal of the first mortgage indebtedness; and in 1933 and 1934 it also defaulted in the payment of interest thereon. A bondholders committee was organized to protect the interest of the first mortgage bondholders.

The Cleveland Trust Company, trustee under the first mortgage, intervened in the receivership case and filed a petition to foreclose the first mortgage. In 1935 the committee filed its petition in the District Court for the reorganization of the Northwest Company under § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. The petition was approved and a trustee was appointed to operate and conserve the property.

When the reorganization petition was filed, $930,000.00 of the principal of the first mortgage bonds was unpaid and $678,-967.48 was due and unpaid on the second mortgage note from the Northwest Company to the Union Company. There was also unpaid the accrued interest on this note in the amount of $335,272.98. The fair market value of the entire assets of the Northwest Company, which were under the reorganization proceedings transferred to respondent, the Commodore, Inc., was $806,167.00. Under the plan of reorganization effective September 17, 1936, the respondent, the Commodore, Inc., was organized with 19,300 shares of common stock of no par value. This was to be distributed to the bondholders under the first mortgage at the ratio of ten shares for each $1000.00 of the bonds. The property was conveyed to respondent clear of all liens and incumbrances except certain indebtednesses incurred by the receiver. $1,014,240.06 of the indebtedness of the Northwest Company was cancelled. This cancelled indebtedness represented $678,-267.48 of the principal due on the second mortgage note and $335,272.98 accrued interest thereon.

For the year beginning July 1, 1936, respondent used a substituted basis of $1,223,-689.64 for depreciation upon the property and computed depreciation at 3% per annum on an estimated life of 33⅓ years. Upon this computation respondent claimed a deduction in each of the years involved in the amount of $48,536.64. The Commissioner accepted respondent's substituted basis but reduced it to $544,722.16 by deducting therefrom the principal amount of the second mortgage indebtedness which had been cancelled. The Commissioner computed depreciation at the rate of 2⁷⁄₁₀% per annum on what remained of a fifty-year life and determined that the allowable depreciation for each year was $14,707.50.

Petitioner concedes that there was a reorganization for tax purposes, within the meaning of § 112(g) (1) (B) of the Revenue Act of 1936, ch. 690, 49 Stat. 1648, as amended by § 213 of the Revenue Act of 1939, ch. 247, 53 Stat. 862, 26 U.S.C.A. Int.Rev.Code, §§ 112, 113, and therefore that § 113(a) (7) of the 1936 Act, 26 U.S.C.A. Int.Rev.Acts page 862, gave respondent the substituted basis which it used. No question is made with respect to the rate of depreciation adopted by respondent. The only question to be determined is, whether the substituted basis should have been reduced by the amount of the second mortgage principal indebtedness which was cancelled in the reorganization proceedings. The petitioner contends that it should have been so reduced by virtue of § 270 of chapter 10 of the National Bankruptcy Act, 11 U.S.C.A. § 670. The Board held to the contrary. This section is as follows:

"Sec. 270. In determining the basis of property for any purposes of any law of the United States or of a State imposing a tax upon income, the basis of the debtor's property (other than money) or of such property (other than money) as is transferred to any person required to use the debtor's basis in whole or in part shall be decreased by an amount equal to the amount by which the indebtedness of the debtor, not including accrued interest unpaid and not resulting in a tax benefit on any income tax return, has been canceled or reduced in a proceeding under this chapter. The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe such regulations as he may deem necessary in order to reflect such decrease in basis for Federal income-tax purposes and otherwise carry into effect the purposes of this section."

As hereinbefore pointed out, the tax years involved are those ending June 30, 1937, and June 30, 1938, and § 270 did not become effective until September 22, 1938. The controversy narrows to the single question whether § 270 operated retroactively. If it did, the Board was in error; otherwise not. We think the Board was right.

It would hardly seem necessary to cite authorities in support of the well settled rule that a statute will not be given retroactive force unless that purpose is expressed in clear and positive language or is to be inferred by necessary, unequivocal and unavoidable implication. Petitioner concedes that there is nothing in the language of § 270 and its related provisions

which regulates the computation of taxes for the years involved. It says, however, that "there are numerous indications that it was intended to so apply" but mere or general "indications" are not sufficient. It was said in Shwab v. Doyle, 258 U.S. 529, 534, 42 S.Ct. 391, 392, 66 L.Ed. 747, 26 A. L.R. 1454, that "the initial admonition is that laws are not to be considered as applying to cases which arose before their passage unless that intention be clearly declared. 1 Kent. 455; Eidman v. Martinez, 184 U.S. 578, 22 S.Ct. 515, 46 L.Ed. 697; White v. United States, 191 U.S. 545, 24 S.Ct. 171, 48 L.Ed. 295; Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211; Story, Const. § 1398." See also United States v. Magnolia Co., 276 U.S. 160, 162, 48 S.Ct. 236, 72 L.Ed. 509.

In Brewster v. Gage, 280 U.S. 327, 337, 50 S.Ct. 115, 118, 74 L.Ed. 457, it is said: "Ordinarily statutes establish rules for the future, and they will not be applied retroactively unless that purpose plainly appears." Citing the Magnolia and other cases.

In Jones v. Fid. & Columbia Tr. Co., 6 Cir., 73 F.2d 446, 447, we said: "It is well settled that a retrospective operation will not be given to a statute which interferes with antecedent rights, unless such be 'the unequivocal and inflexible import of the terms, and the manifest intention of the legislature' (Union Pacific Railroad Co. v. Laramie Stock Yards Co., 231 U.S. 190, 34 S.Ct. 101, 102, 58 L.Ed. 179), or unless the statute contains within it a declaration of retroactivity 'clear, strong and imperative' (United States v. Heth, 3 Cranch 399, 413, 2 L.Ed. 479; United States v. Burr, 159 U.S. 78, 15 S.Ct. 1002, 40 L.Ed. 82; Shwab v. Doyle, 258 U.S. 529, 42 S.Ct. 391, 66 L. Ed. 747, 26 A.L.R. 1454)."

It is urged that § 276 incorporated in the Chandler Act of which § 270 is a part, passed June 22, 1938, and made effective Sept. 22 of the same year, convincingly establishes the retroactivity of § 270. We cannot concur.

The pertinent portion of § 276, 11 U.S. C.A. § 676, is as follows: "Sec. 276. * * * and (3) sections 268 and 270 of this Act shall apply to any plan confirmed under Sec. 77B before the effective date of this amendatory Act and to any plan which may be confirmed under Sec. 77B on and after such effective date * * *."

 This indicates no more than that § 270 applied to respondent's *plan* of reorganization which became effective Sept. 17, 1936. In other words, after the effective date of § 270, namely, Sept. 22, 1938, it would apply thereafter to plans of reorganization, which may have been approved prior to the passage of effective date of § 270. We look in vain for any suggestion in the section that § 270 retroactively applied to the tax years here involved. Assuming that § 270 was applicable to respondent, in determining its basis for depreciation, we think that it applied for "future tax purposes" only. See Report of the Senate Judiciary Committee No. 1916, 79th Congress, 3rd session, p. 39.

Petitioner points out that with the approval of the Secretary of the Treasury he promulgated amended regulations to the effect that § 270 applies to all tax years ending prior to the enactment of § 270, or the Chandler Act; but it is needless to say that what Congress did not do by positive enactment petitioner cannot do by regulations. Such regulations cannot amend the law. Miller v. United States, 294 U.S. 435, 440, 55 S.Ct. 440, 79 L.Ed. 977.

The decisions of the Board are affirmed.