John W. **FRANKLIN**

v.

The **TRAVELERS INSURANCE COMPANY.**

Civ. A. No. 3231.

United States District Court
E. D. Tennessee, N. D.
Oct. 29, 1957.

This discrepancy as to date apparently does not affect the legal question involved.

During the period of benefit payments the law was changed in a way that included "the body as a whole" within the provisions applicable to "scheduled members." T.C.A. sec. 50–1007(c). Under the law applicable to scheduled members before the statutory change the benefits provided for loss or loss of use of a scheduled member were in addition to those provided for the period of total temporary disability caused immediately by the injury, but the body as a whole was not included as a scheduled member.

The first question presented is this: Where an employee sustains an injury and is entitled to certain benefits under the then existing compensation law, T.C. 6878(c) but the law is changed during the time payment of benefits iȿ being made so that one sustaining injury after the change in the law would be entitled to greater benefits, is the person first injured entitled to these increased benefits?

The general rule is, that in the absence of a contrary legislative intent statutes will be presumed to operate prospectively and not retroactively. Shwab v. Doyle, 258 U.S. 529, 534, 42 S. Ct. 391, 66 L.Ed. 747; United States v. Magnolia Petroleum Co., 276 U.S. 160, 162, 48 S.Ct. 236, 72 L.Ed. 509; Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457.

Retroactive operation is permissible where an intent that it shall do so is clearly expressed in the statutes. Sampeyreac v. United States, 7 Pet. 222, 32 U.S. 222, 238, 8 L.Ed. 665.

Where substantive rights are affected, the same rules apply to pending litigation. Claridge Apartments Co. v. Commissioner, 323 U.S. 141, 164, 65 S.Ct. 172, 89 L.Ed. 139; Commissioner v. Commodore, 6 Cir., 135 F.2d 89, 91, 92.

While payments were being made to plaintiff for temporary total disability because of injury to the body as a whole, the statute was amended to provide for

Ogle & Ogle, Sevierville, Tenn., H. H. McCampbell, Jr., Knoxville, Tenn., for plaintiff.

Frantz, McConnell & Seymour, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Plaintiff who was paid compensation benefits for a period of 337 weeks for total but temporary disability now sues to recover benefits for permanent partial disability for an additional 300 weeks.

The date of injury alleged in the complaint was May 22, 1951.

In the answer the date is alleged as May 20, 1950. This allegation is supported by an affidavit of Aaron Vines, claim manager for defendant for the Eastern District of Tennessee.

748

such injury the additional benefits provided for loss or loss of use of a scheduled member. A reading of the statute as amended, however, discloses no legislative intent to make the statute retroactive so as to apply to persons injured prior to the amendment. The indicated conclusion is, that the amendment (of 1953) did not apply to the plaintiff's case.

The second question presented is whether plaintiff is entitled to the benefits claimed under the statute in force at the time of his injury.

The relevant Code section is 6878, Williams' 1932 Code, as amended in 1949 and which was the state of the law until the amendment of 1953.

Sec. 6878(c) provided as follows: "In case of disability partial in character but adjudged to be permanent, there shall be paid to the injured employee, in addition to the benefits provided by section 6875 the following: (1) Sixty per cent of his average weekly wages for the period of time during which he suffers temporary total disability on account of the injury, the same being subject to the same limitation as to minimum and maximum as provided in subsection (a) of this section; and (2) in addition to the foregoing he shall receive sixty percent of his average weekly wages *in accordance with the schedule hereinafter set out,* provided, that the compensation paid the injured employee for the period of temporary total disability shall not be deducted from the compensation to be paid under said schedule."

Following the quoted language is the schedule for loss of a thumb, finger, etc. The schedule includes no provision for injury to the body as a whole, and the sentence immediately following the last member scheduled is the following: "The total amount of compensation payable under the schedule in subsection (c) shall not exceed seven thousand five hundred ($7,500.00) dollars in any case."

Under the quoted language, it would seem that $7,500 may be required "under the schedule" in addition to payments made for temporary total disability. However, not until 1953 was the body as a whole included as a scheduled member. As plaintiff's injury was to the body as a whole, it is his misfortune not to be included in this beneficent provision of the law.

In answering the complaint, defendant counterclaimed for an overpayment in the sum of $588, allegedly paid to plaintiff by mistake, the weekly benefit payments having been continued through 337 weeks, whereas the law required payments for only 300 weeks. However, at the hearing on the motion for summary jugment, the defendant voluntarily abandoned the counterclaim.

It is the opinion of the Court that plaintiff has been paid in full and that defendant's motion for summary judgment must be sustained, except as to the counterclaim, any rights that may have existed thereunder being waived.

Let an order be presented in conformity with the views herein stated.