ALEXANDER M. CRANE AND CAROLINE E. CRANE, EXECUTORS OF THE ESTATE OF ALEXANDER B. CRANE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71718.   Promulgated March 6, 1934.

*James H. Hoffnagle, Esq.*, for the petitioners.
*Warren F. Wattles, Esq.*, for the respondent.

### OPINION.

ARUNDELL: This proceeding was initiated to test the correctness of respondent's determination of a deficiency in the amount of $3,343.95 in income tax for the period January 1 to April 16, 1930, on which latter date Alexander B. Crane died. On the date of Crane's death he owned certain obligations the transmission of which, occasioned by his death, respondent claims resulted in a taxable gain under section 44 (d) of the Revenue Act of 1928.

We adopt as our findings of fact a stipulation filed by the parties. It appears that on March 1, 1913, Crane owned a tract of land in Scarsdale, Westchester County, New York, which he continued to own until May 17, 1929. On that date he sold 42.295 acres for $400,-000, receiving $10,000 in cash and a bond from the purchaser in the amount of $390,000, payable in installments, the bond being secured by a mortgage on the land sold. The fair market value of the land sold was $125,000 on March 1, 1913. In the income tax return filed by the decedent for the calendar year 1929 he elected to return the total profit of $272,272.33 from the sale on the installment basis, pursuant to section 44 (b) of the Revenue Act of 1928. This method of reporting the profit from the sale was approved by the respondent.

The face value of the bond and mortgage when received by the petitioners on the occasion of the decedent's death was $387,000, and the fair market value thereof on that date was $344,430.

In the income tax return filed by the decedent's executors for the period January 1 to April 16, 1930, income in the sum of $194,038.33 was reported by reason of the fact that decedent died owning the aforesaid bond and mortgage, and such income was computed as if the change in ownership of the bond and mortgage resulting from decedent's death had been a transmittal of an installment obligation embraced within the provisions of section 44 (d) of the Revenue Act of 1928. The income so reported was returned as capital net gain

and tax thereon computed pursuant to the provisions of section 101 (a) of the Revenue Act of 1928. In connection with reporting this item the petitioners filed a protest and stated that they would apply for a refund.

In the notice of deficiency mailed March 2, 1933, the respondent, in computing the tax liability for the period January 1 to April 16, 1930, increased the income from $194,038.33 to $220,853.48 and the petitioners now agree that respondent's computation of income in this latter sum is correct. The deficiency so determined was computed by the respondent as taxable under section 101 (a) as a capital net gain, but in an amended answer filed with the Board the respondent alleges that he erred in computing the tax at capital gain rates and claims an additional deficiency on the ground that the income is ordinary income and taxable at normal and surtax rates under sections 11 and 12 (a) of the Revenue Act of 1928.

The identical questions raised in the instant proceeding were before the Board in the case of *Provident Trust Co. of Philadelphia, Executor, of the Estate of Owen Osborne*, 29 B.T.A. 374, and the decision herein is governed by that opinion. We there held, following *Estate of Erskine M. Ross*, 29 B.T.A. 227, that section 44 (d) of the Revenue Act of 1928 covered the case of the transmission of installment obligations occasioned by death, and it follows that the decedent realized income which was subject to tax. We further held, in *Estate of Owen Osborne, supra*, that the gain subject to tax on the death of the owner of installment obligations is the gain realized on the sale of the property in connection with which the installment obligations were received, and the taxation of which was merely deferred under the installment sales provisions of the taxing statute. In this case the property sold in 1929 had been held since prior to March 1, 1913, and was a capital asset as that term is defined in the revenue act. The gain is therefore subject to tax at the capital gain rate. Respondent's request for an increased deficiency, based on his prayer that the gain be computed at ordinary rates, is denied.

*Decision will be entered under Rule 50.*