GEORGE W. WILLIAMS, EXECUTOR, ESTATE OF FRANCIS WILLIAMS, DECEASED, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54087. Promulgated July 31, 1934.

*Ferdinand Tannenbaum, Esq.*, for the petitioner.
*L. W. Creason, Esq.*, for the respondent.

OPINION.

LEECH: This proceeding seeks redetermination of a deficiency in income tax of $7,906.02 for the period from January 1 to September 3, 1928. The only error assigned is upon respondent's action in increasing the income of petitioner's decedent for the period in

question by the sum of $62,163.34, as the taxable profit represented in the transmission of an installment obligation of $118,466.64 belonging to petitioner's decedent at the time of his death on September 3, 1928.

Petitioner is executor of the estate of Francis Williams, deceased, who died September 3, 1928. The decedent on February 18, 1926, sold 353 shares of the capital stock of the Broad & Market National Bank & Trust Co. of Newark, New Jersey, for the sum of $211,800. The cost price of the shares of stock sold by decedent was $100,750, and the gain to be realized on the sale was $111,070. The sale in question was upon the installment basis and decedent elected to return the income on such basis by including in income for each year the proportion of the installment payments actually received in that year which the total profit to be realized bore to the total contract price. There was included in each of the following years 52.4 percent of the amounts received by the decedent during such years as follows:

| Year or period | Payments actually received | Rate of profit | Reported in return |
|---|---|---|---|
| | | *Percent* | |
| 1926 | $26,666.66 | 52.4 | $13,973.30 |
| 1927 | 33,333.33 | 52.4 | 17,466.66 |
| 1-1-28 to 9-3-28 | 33,333.33 | 52.4 | 17,466.66 |

On September 3, 1928, when the death of decedent occurred, there was unpaid the sum of $118,466.64. The obligation to pay this balance was secured by the deposit of collateral with a market value in excess of the total obligation and the fair market value of this unpaid installment obligation at the date of decedent's death was its face value of $118,466.64.

Respondent in determining the deficiency here in question treated the profit of $63,163.34, included in the unpaid installment obligation, as taxable for the period January 1 to September 3, 1928, under section 44 (d) of the Revenue Act of 1928, and included this amount in income for that period.

Section 44 (d) of the Revenue Act of 1928 provides:

SEC. 44. (d) *Gain or loss upon disposition of installment obligations.*—If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission, or disposition. The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full.

We think there is no doubt of the intent of Congress in the enactment of the above quoted section to tax the profit represented in an unliquidated installment obligation where it has been transmitted, as in the present case, under the will of the holder. *Alexander M. Crane et al., Executors*, 30 B.T.A. 29; *Provident Trust Co. of Philadelphia, Executor*, 29 B.T.A. 374; *Estate of Erskine M. Ross*, 29 B.T.A. 227.

Petitioner contends (a) that this section has application only to unpaid installments upon sales made subsequent to the enactment of the act, (b) that if applicable to sales made prior to the effective date of the act such section is unconstitutional and, (c) that if this section is applicable and constitutional the fair market value of the installment obligation in question at the time of death was not in excess of $63,000.

The questions presented under the first two issues were decided adversely to petitioner's contentions by us in *Estate of Erskine M. Ross, supra*. Petitioner insists that to apply section 44 (d) of the Revenue Act of 1928 to installment obligations due under sales made prior to the effective date of that act is to give this provision retroactive effect, in violation of the rule laid down in *United States* v. *Magnolia Petroleum Co.*, 276 U.S. 160, that no such effect is to be given unless the legislative purpose so to do plainly appears.

We can not see a retroactive application of section 44 (d) under the conditions here disclosed. The sale occurred in 1926 and the total profit thereon was subject to taxation in that year. However, by section 212 (d) of the 1926 Act Congress permitted the taxpayer the privilege of deferring the payment of tax upon the profit included in the deferred payments to the year in which such payments were made. By section 44 (d) of the 1928 Act Congress placed an additional limitation upon unpaid installment obligations by providing that upon the disposition of such obligations by distribution, transmission, or sale the profit represented therein, in respect of which the taxpayer was enjoying the privilege of deferred taxation, would be subject to tax for the period in which such sale, transmission, or other disposition occurred.

The period before us is the taxable year 1928 and the application of section 44 (d) is the taxing for that year of the profit included in the deferred payment of $118,466.64. The allocation to such period is by reason of its transmission in that year. The purpose of section 212 (d) of the 1926 Act was not to permit income to escape taxation, but merely to accord the taxpayer the privilege of deferring the payment of the tax until a later period. The purpose of section 44 (d) of the 1928 Act was to prevent the avoidance of tax on the gain included in unpaid obligations by the disposition, either by sale,

gift, or transmission at death, of such obligations prior to their collection.

We see no reason why Congress, having granted the taxpayer the privilege of deferring the tax, should not in a later year qualify such privilege by providing for the payment of the deferred liability upon the transpiring of certain events. In the present case the provisions of the 1928 Act are being applied to occurrences taking place after its enactment.

By the application of section 44 (d) to the situation here the taxpayer is being denied no privilege which it was intended by the prior act that he should enjoy. By that act he was permitted to defer the payment of his tax until the liquidation in his hands of the installment obligation. In the situations to which section 44 (d) has application, such liquidation is no longer possible, due to the happening of one of the events specified in that section. In no case can it be said that section 44 (d), when applied to a sale made prior to its enactment, results in the taxation in one year of a profit which, under the prior law, would not have been taxed to this same taxpayer until a later year.

The taxpayer has accepted the benefits accruing from the deferment of tax to some future year and, consequently, in respect to this deferred income, must accept the burden imposed by the taxing law in effect in such future year. Cf. *Taft* v. *Bowers*, 278 U.S. 470; *Newman-Saunders & Co.* v. *United States*, 36 Fed. (2d) 1009; *Walker* v. *Alamo Foods Co.*, 16 Fed. (2d) 694.

In reference to the contention that section 44 (d), if applied to installment obligations due under sales made prior to its enactment, is unconstitutional, petitioner argues that such application has the effect of creating, by legislative enactment, income from an occurrence which in fact cannot give rise to gain or loss. It is argued that the mere disposition of an installment obligation without consideration cannot constitute income and accordingly a decedent can derive no income merely by the transmittal of property by will or intestacy.

It must be readily admitted that the provisions of subdivision (d) of section 44 can not serve to create income unless there is in fact actual income which is taxable under the Sixteenth Amendment to the Constitution. Petitioner's argument, however, overlooks the fact that this is not a question of the creation of income, but merely the taxing of income already received. The application of section 44 (d) does not have the effect of creating income. Its effect is merely to determine the period in which that portion of the taxable gain which accrued to decedent upon the sale in 1926 and is yet untaxed shall be reported for tax. The transmission of the installment obli-

gation by the death of petitioner's decedent did not create income, but merely terminated the period of deferment of the tax.

The remaining issue is disposed of by our findings of fact that the installment obligation had a fair market value of $118,466.64 on the date of the death of petitioner's decedent. This conclusion of fact was, we think, amply supported by the evidence. Petitioner included this obligation at this value in the returns for both Federal estate tax and state inheritance tax and the evidence convinces us that the collateral securing its payment had a market value at the time of death substantially in excess of the liabilities the payment of which it secured.

*Judgment will be entered for the respondent.*