IN THE,

# SUPREME COURT OF TENNESSEE,

FOR THE

# MIDDLE DIVISION.

·NASHVILLE,.....................DECEMBER TERM, 1873.

BAKER & PAUL. *v.* SOPHRONIA HUDDLESTON, *et als.*

1. CHANCERY. *Pleading and Practice. Tort. Waivor of. Suit on implied contract.* Where property has been taken and converted, the tort may be waived, and an action of debt maintained for its value, and if the party who converted the property be dead, the right ·of action will exist against his administrator.

   Cases cited : Alsbrook *v.* Hathaway, 3 Sneed, 454; Phillips *v.* Green, 4 Heisk., 350.

2. SAME. *Same.* Where complainants elect to treat the conversion as a contract with an implied promise to pay, the defendants may rely upon all defences which can legitimately be made, such as that he was a minor, etc.

3. SAME. *Same. Attachment.* An attachment may be issued upon the oath of an agent or attorney, and his authority will be presumed, in the absence of evidence that he was not authorized to swear to the bill.

   Code cited : ?3469.

   1—vol. 3.

Baker & Paul v. Sophronia Huddleston, et als.

4. SAME. *Same. Same.* Where an attachment bill is filed, and no one of the grounds for an attachment required by the Statute is alleged, it will be dismissed upon demurrer.

Case cited: Fay v. Jones, 1 Head, 442.

5. *Same. Same. Same.* Under §§2209 to 2219 it is not necessary that the bill, on its face, should declare that, it is filed upon behalf of all the creditors of an intestate.

Code cited: §§2209 to 2219, 2366 and 2371.

---

FROM OVERTON.

---

Appeal from the Chancery Court. L. C. HOUK, Judge, presiding, by interchange.

J. D. GOODPASTURE and JAMES W. MCHENRY for Baker & Paul.

A. CULLOM for Huddleston, *et als.*

DEADERICK, J., delivered the opinion of the Court.

The bill in this case was filed September 26, 1865, in the Chancery Court of Overton County. It alleges that one Lewis Cass Huddleston, in 1863 or 1864, in company with others, entered the storehouse of complainants, in Burksville, Kentucky, and took from them, by force, goods, wares and merchandize, etc., of the value of $500, and converted them to his own use, and that he failed and refused to pay for the same, and that said Huddleston is justly indebted to complainants in the sum of $500.

The bill further alleges that said L. C. Huddleston died more than twelve months before the filing of the bill; that no one had administered upon his estate, and

no one could be procured to administer; that he owned a valuable tract of land in Overton County, which is described by metes and bounds in the bill; that defendant Hart was, " prior to the death of said L. C. Huddleston, his guardian, and had never settled with his said ward," and had in his hands a large amount of notes and debts due said deceased; that the other defendants are the heirs at law and distributees of said L. C. Huddleston.

The bill prays that the notes and debts in the hands of Hart, and the tract of land described, be attached, and that Hart be enjoined from selling or transferring said notes and debts; and, on final hearing, that an account be taken, and a decree rendered, for whatever sum may be ascertained to be due complainants, the lands sold and debts applied to its payment, etc.

The bill also prays for the appointment of an administrator, and for general relief.

The defendants demurred to the bill, and, on argument, the demurrer was overruled, and the defendants have appealed to this Court.

The first ground of demurrer is, that the bill, upon its face, shows that the suit is for a tort, and that the Chancery Court has no jurisdiction of torts. A Court of Chancery has no jurisdiction to enquire of damages, and render a decree in a case of tort. But the bill, manifestly, is framed to obviate this objection, and alleges an indebtedness, thus waiving the tort, seeking a remedy upon an implied promise to pay the value

of the property converted. The case of *Alsbrook* v. *Hathaway* decided that where property was taken and converted the tort may be waived, and an action of debt or *indebitatus assumpsit* may be maintained for its value, 3 Sneed, 454. This case has been uniformly followed by the Court since its adjudication.

But it is argued for defendants that this decision only gives the right of action of debt against the living defendant who converted the property, and does not authorize such suit against his administrator. It is true that the action in the case cited was against the party guilty of the conversion, but the principle upon which the right to sue upon the implied contract is held would equally sustain an action against the personal representative of the deceased trespasser. And in 4 Heisk., 350, it was held that an "action of debt due by account" lies against the administrator for the value of goods wrongfully converted by his intestate.

We are of opinion, therefore, that the demurrer in this particular is not well taken; that the bill does not purport to invoke the aid of the Chancery Court in a case of tort, but seeks relief upon the implied promise or contract of deceased.

Another ground of demurrer is, that the bill, upon its face, shows that L. C. Huddleston was a minor when the goods were taken, and incapable of contracting, except for necessaries, so as to bind himself. The allegations in the bill which are relied on to support this constructiom are as follows:

"They (complainants) charge that defendant Hart

was, prior to the death of said Lewis C. Huddleston, his guardian, and that he had never settled up with his said ward."

This allegation is, not that he was a minor when the trespass was committed, but that Hart was his guardian prior to his death, and had never settled.

While we do not consider the demurrer well taken in this respect, the defence is of a character which may be relied upon by plea or answer. The complainants have elected to treat the conversion as a contract with an implied promise, to pay the value of the goods converted, and defendants may rely upon all defences which can be legitimately made against their liabilities on such contract. The cause of demurrer that the allegations of the agency of J. B. Herriford, who swore to the bill, are insufficient, is likewise untenable. Section 3469 expressly authorizes the issuance of an attachment upon the oath of an agent or attorney. His authority will be presumed, in the absence of evidence that he was not authorized to swear to the bill. Another ground of demurrer is, that the attachment will not lie against the realty, counting this specification of the cause of demurrer as sufficiently comprehensive to put in issue the question whether the attachment of the realty in this case was authorized by the charges of the bill.

We are of opinion that, there is not to be found in the bill any allegations or charge which warrants the issuance of an attachment. None of the causes for the issuance of an attachment required by our Statutes to be alleged in the bill are to be found charged in the

bill in this case, and this is a good ground of demurrer. 1 Head., 442, and for this reason the attachment levied upon the real estate of intestate will be discharged, and if the jurisdiction of the Court depended upon the validity of the attachment of the realty, the bill would be dismissed. But this bill is filed under §§2209 to 2219 of the Code, which provide that the Chancery Court of the District in which any person resident at the time of his death, or in which his estate, goods and chattels, or effects were at the time of his death, may appoint an administrator, when six months have elapsed from the death, and no person will apply, or can be procured, to administer on his estate."

Any creditor is authorized to file the bill setting forth the facts and praying for specific and general relief, and such bill shall be on behalf of all other creditors who may wish to come in and be made parties, and the administration of such estate shall be conducted in the same manner as the administration of an insolvent estate.

We do not understand that it is indispensible, under the foregoing provisions, that the bill, on its face, should declare that it is filed upon behalf of all the creditors of intestate. The Statute authorizes any creditor to file his bill, and declares it shall be for the benefit of all other creditors who may choose to come in, and shall be conducted "in the same manner, and under the same rules, as the administration of an insolvent estate." The bill, when filed by any creditor by force of the provisions of the Statute, is filed on behalf of

all other creditors. Code, §2366, providing for the administration of insolvent estates in Chancery, authorizes a bill to be filed by any creditor, and §2371 directs that publication shall be made by order of the Court for all persons interested to come forward and to exhibit their demands, and have themselves made parties.

From these and other provisions upon the same subject, the creditors are all brought before the Court and made participants in the distribution of the estate.

With the modification of the Chancellor's decree as to the attachment levied on the realty, it will be affirmed, and the cause will be remanded for further proceedings.