W. M. SMITH *et al. v.* UNITED STATES FIRE INSURANCE
COMPANY *et al.*

(*Knoxville.*   September Term, 1912.)

1. **EXECUTIONS.  Lien attaches only to personalty in county to
which execution is issued.**

The lien of an execution attaches only to the execution debtor's
personalty in the county to which the execution is issued.
(*Post, pp.* 438-440.)

Cases cited and distinguished:  Berry v. Clements, 9 Humph., 312;
Cox v. Hodge, 1 Swan, 371; Cecil v. Carson, 86 Tenn., 139.

2. **SAME.  No lien, at common law, on debtor's choses in action;
but statutory lien on choses in action of corporations.**

The issuance of an execution does not, at common law, fix a lien
upon the debtor's *choses* in action; but this rule has beeen
changed, in this State, by statute (section 4765 of Shannon's
Code), as against corporations.  (*Post, p.* 440.)

Code cited and construed:  Sec. 4765 (S.); sec. 3750 (M. & V.);
sec. 3037 (T. & S. and 1858).

Case cited and approved:  Hillman v. Moore, 3 Tenn. Chy., 461.

3. **SAME.  Choses in action and those of corporations alone may,
by legislation, be made subject to levy of execution.**

The legislature may make *choses* in action subject to levy under
execution, and may make the *choses* in action of corporations
alone subject to levy.  (*Post, p.* 440, 441.)

Code cited and construed:  Sec. 4765 (S.); sec. 3750 (M. & V.);
sec. 3037 (T. & S. and 1858).

4. **SAME.  Lien on choses in action of corporations without regis-
tration of memorandum of judgment.**

The staute (section 4713 of Shannon's Code), providing that an
execution shall not bind the debtor's legal or equitable interest

in stock, *choses* in action, or other personal property, not liable at law, unless a memorandum of the judgment is registered within sixty days from its rendition in the county where the debtor resides, or, if he be a nonresident, then in the county where the property is, does not apply to the *choses* in action of corporations, because they are rendered liable to levy of execution by section 4765 of Shannon's Code, and the registration requirement applies only to *"choses* in action or other personal property not liable at law" to execution; and an execution against a corporation, without registration of a memorandum of the judgment, fixes a lien on its *choses* in action, just as if they were "goods and chattels." (*Post, pp.* 441, 442.)

Code cited and construed: Secs. 4713, 4765 (S.); secs. 3699, 3750 (M. & V.); secs. 2985, 3037 (T. & S. and 1858).

5. **SAME. Lien on personalty and choses in action of a corporation by receiver's confusion of proceeds thereof, when; remandment and references to ascertain identity of funds.** Where an execution lien was fastened upon the personalty and *choses* in action of a corporation in the county to which the execution was issued while it was a going concern, but the execution was wrongly returned *"nulla bona,"* after which a general creditors' insolvency bill was filed against the corporation and a receiver appointed, and said judgment creditor intervened and sought priority of payment in the distribution of its assets, upon the ground of said lien, which the receiver sought to defeat by the contention that the proceeds of the property of the corporation located in said county and that located elsewhere had become inextricably confused in the receiver's hands, so that such proceeds could not then be identified and subjected to the said lien, but it was *held* that no insuperable difficulty in identifying the proceeds of the property affected by the lien could be perceived, and that there was none, if the receiver had properly kept his accounts; and the cause was remanded with directions for a reference for said purpose. (*Post, pp.* 437, 438, 442.)

## FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County to the Court of Civil Appeals, and by writ of *certiorari* from the Court of Civil Appeals to the Supreme Court.— T. M. McCONNELL, Chancellor.

C. W. K. MEACHAM, for complainants.

COOKE, SWANEY & HOPE, for defendants.

MR. JUSTICE GREEN delivered the opinion of the Court.

The bill in this case was filed and sustained as a general creditors' bill against defendant insurance company, and a receiver appointed for it. Petitions were filed by M. G. L. Roberts and Thomas & Thomas, asking that certain claims against the insurance company be awarded priority of payment in the distribution of its assets.

The claims referred to are judgments obtained against the insurance company while it was a going concern. Both of these judgments were affirmed in the court of civil appeals and executions issued thereupon. One of the judgments was rendered by that court on March 11, 1909, at Jackson, and the other on July 10, 1909, at Knoxville. The Jackson judgment is known as the "Grady judgment," and the Knoxville judgment is

known as the "Smith judgment." Petitioners Roberts and Thomas & Thomas were sureties on the appeal bond in the Smith case, and petitioner Roberts was surety on the appeal bond in the Grady case.

Executions were issued on both of these judgments and sent to the sheriff of Hamilton county in August, 1909, and returned by him *nulla bona.* Petitioners maintain that at the time of the issuance of these executions the insurance company was a going concern, with considerable property, *choses* in action, and other personalty. They claim that they pointed out to the sheriff of Hamilton county certain personalty of the company subject to levy. However this is, no levy was made, but there was a *nulla bona* return, as aforesaid, and a levy was made on certain property of petitioner Roberts, the surety on the two appeal bonds.

The receiver's report filed herein discloses that the company was possessed of considerable personal property at the time these executions issued. Some of its property was in cash and furniture and fixtures, but most of it consisted of *choses* in action. All the property was not located in Hamilton county, but some of it was in Davidson, some in Shelby, and some in other counties of the State.

Petitioners insist that from the issuance of execution in these two cases all the personal property of the insurance company in Tennessee became charged with a lien for the satisfaction of such executions, and that they are therefore entitled to come into equity, enforce this lien, and have the proceeds of this property applied to the satisfaction of these executions in full.

This position is controverted, and it is contended for the receiver that no lien was created on any of the property of the insurance company, except that which was in Hamilton county, the county to which the executions were issued. It is further insisted that no lien was created by the issuance of these executions upon the *choses* in action of the company. It is also contended that the proceeds of property located in Hamilton county and property located elsewhere in the State have become inextricably confused in the receiver's hands, and that petitioners are therefore not able to identify such proceeds now, and have them subjected to the satisfaction of these judgments.

As to the extent of the lien of an execution, we find no case in point in this State. We are of opinion, however, that the lien extends only to personalty in the county to which the execution is issued. This question has arisen in other jurisdictions and the law is thus stated:

"The general rule as to the territorial extent of the lien of an execution is that it is coextensive with the jurisdiction of the officer to whom the writ is delivered, and attaches to all the defendant's goods and chattels within the territory, and, as the writ is in most cases delivered to the sheriff, or some other officer whose jurisdiction has the same limits, its lien usually extends throughout the county to which it is issued." 11 Amer. & Eng. Enc. of Law, 677.

"As a general rule, the lien of the execution is co-extensive with the writ." 17 Cyc., 1053.

"That is to say, any property situated within a given territory, which is subject to seizure under execution, is subject to the lien thereof, and, where the writ is confined to the county where issued, the lien is likewise restricted." 17 Cyc., 1053, note 16.

Many cases are cited in support of their text by the encyclopedias, and there is nothing save *dicta* in *Cecil v. Carson,* 86 Tenn., 139, 5 S. W., 532, or in any of our other cases referred to, in conflict herewith.

Since the lien of an execution, subject to two exceptions (*Berry* v. *Clements,* 9 Humph., 312; *Cox* v. *Hodge,* 1 Swan., 371), relates to its *teste* and attaches to all the debtor's personalty, defeating any transfer made between the *teste* and the levy of the execution (*Cecil v. Carson,* supra, and cases cited), it is proper to confine the scope of the lien to the county to which execution issues. Even so restricted, this rule may often work a hardship, and it is not desirable that it be extended.

We therefore hold that the lien of an execution attaches only to property located in the county to which the execution is directed. An execution issued to one county will not fix a lien on the debtor's personalty in another.

Considering the next defense interposed by the receiver, it must be conceded that, at common law, the issuance of an execution does not fix a lien upon the debtor's *choses* in action. There is no statute in Tennessee changing the common law rule, except as to corporations.

Section 4765 of Shannon's Code provides that "an

execution against a corporation may be levied of its *choses* in action as well as on the goods and chattels, rents and tenements of such corporations, and in case of levy on *choses* in action, the court may appoint a receiver to collect the same."

It is entirely competent for the legislature to make *choses* in action subject to levy under execution, and, as to the *choses* in action of corporations, the legislature has clearly so acted in the statute quoted.

That such is the effect of this statute has been recognized by the courts in this State. Chancellor Cooper observes: "*Choses* in action, and especially such as are evidenced by a book account, are not, by the common law, subject to seizure and sale by execution. In this State, an execution runs against the goods and chattels of the defendant, and has only its common-law effect, except where changed by statute. It may be levied upon the *choses* in action of a corporation, by Code (1858), sec. 3037." *Hillman* v. *Moore,* 3 Tenn. Ch., 461.

It is urged, however, that section 4713 of Shannon's Code puts *choses* in action on the same plane as the equitable estate of a debtor, and exempts them from the lien of execution, unless the judgment be registered. The section is as follows:

"Nor shall an execution thereon bind the debtor's legal or equitable interest in stock, *choses* in action, or other personal property, not liable at law, unless a similar memorandum is registered within the same period of sixty days, in the county where the debtor resides, if he lives in the State, or, if not, then in the county where the property is."

It is said that there was no such registration of the judgments against the insurance company as is prescribed by this statute, and that, in the absence of such registration, executions issued thereupon could not affect the company's *choses* in action with a lien.

It will be observed, however, that the provisions of this statute relate to "*choses* in action or other personal property. not liable at law," and accordingly such provisions cannot apply to the *choses* in action of corporations; for, as we have just seen, by section 4765 of Shannon's Code *choses* in action of corporations are rendered liable at law.

We are of the opinion that the executions in question here fixed liens upon the *choses* in action of this corporation, by reason of the statute cited, just as if they were "goods and chattels."

Responding to the receiver's third proposition, we perceive no insuperable difficulty in identifying the proceeds of the company's property affected by the lien of these executions. There should be none, if the receiver has properly kept his accounts. The court of civil appeals remanded the case and directed a reference for this purpose, and we think this action was correct.

Other questions are fully considered in the opinion of the court of civil appeals, and its decree will be affirmed.