SARAH BROWN *v.* J. J. STEPHENS, ADMR.*

EDWARD LEE BROWN, BY NEXT FRIEND, *v.* J. J. STEPHENS, ADMR.

MACON MITCHELL, BY NEXT FRIEND, *v.* J. J. STEPHENS, ADMR.

(*Nashville*, December Term, 1931.)

Opinion filed July 23, 1932.

---

*As to effect of death of wrongdoer, see annotation in 11 L. R. A. (N. S.), 1157; L. R. A., 1916A, 1143; 70 A. L. R., 1319; 1 R. C. L.; 33; R. C. L. Perm. Supp., p. 13; R. C. L. Pocket Part, title "Abatement and Revival," sec. 28; 8 R. C. L., 777; R. C. L. Pocket Part, title "Death," sec. 60.

BUCHANAN & CAVETT, for plaintiff in error.

CRABTREE & CRABTREE and O. F. MATHIS, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

These consolidated suits were brought against the Appellee as Administrator of the estate of J. R. Lisenbury, deceased, for injuries growing out of an automobile accident in which the deceased suffered injuries from which he died the following day, and before these suits were brought. The trial Judge sustained pleas in abatement on the ground that the cause of action did not survive. Plaintiffs below have appealed, and counsel present a learned and extended argument in which, conceding, as we understand it, that the decisions of this court sustain the action of the trial Judge, it is earnestly insisted that these holdings are not supported either by sound reasoning, or a proper application of fundamental principles of justice.

However unjustly the rule may sometimes work, it is founded on principles which the courts hold important and justified by experience, and the doctrine is so well established in the decisions of this court that we are unable to find justification for over-riding our previous holdings and establishing by judicial legislation a right of action which the Legislature has failed to provide.

It is suggested in argument that *Harris* v. *Trust Co.,* 128 Tenn., 573, tends to establish a rule, contrary to the weight of our decisions, to the effect that the cause of action survives at common law. The Court in that case did not so hold. The right of action in that case, which was a suit for publication by probate of a libel contained in a will, did not accrue until the publication of the libel after the death of Woodfin, and it was directly stated that the "right of action arose after Woodfin's death and could not have been buried with him." In the instant case the alleged tort was committed before the death of Lisenbury. The ruling in the Harris case has no application to the present case. Beginning with *Griffith* v. *Beasly,* 10 Yer., 434, and followed in *Cherry* v. *Hardin,* 4 Heisk., 199; *Driver* v. *Arn & Card,* 6 Hig., 589; *Whaley* v. *Catlett,* 103 Tenn., 347; *Wilson* v. *Barton,* 153 Tenn., 250, this court has uniformly held that an action *ex delicto* dies with the wrongdoer.

In a very recent memorandum opinion in the case of *Elsie Rook, by next friend,* v. *W. D. Perkins, Administrator,* coming from Shelby law and decided November 11, 1927, Mr. Justice SWIGGART considered the right of Perkins, Administrator, to recover damages out of the assets of the estate of Ernest G. Perkins on account of injuries sustained in an automobile accident alleged to have been caused by the negligence of the deceased. The declaration in that case showed that the deceased, Ernest G. Perkins, killed himself in the wreck at the same time that the plaintiff below received injuries. The trial Judge sustained the demurrer, as in this case, and Mr. Justice SWIGGART commented on the opinion of this court in *Harris* v. *Trust Co., supra,* distinguishing it. The court also distinguished the case of *Kimbrough* v. *Mitchell,* 38

Tenn. (1 Head), 539, calling attention to the restriction put upon certain language used in the Kimbrough case in the later opinion in *Cherry* v. *Hardin,* 51 Tenn. (4 Heisk.), 199.

In concluding the opinion in this case of *Rook* v. *Perkins,* referring to the leading case of *Cherry* v. *Hardin, supra,* Mr. Justice SWIGGART said, "This construction of the statute made in 1871 has not heretofore been departed from by this court, nor has the legislation enacted any subsequent legislation to broaden the statute. We can find no justification for departing from that construction of the statute, so long acquiesced in."

This must be the conclusion in the instant case and judgment of the trial court is affirmed.