Ruth J. Carne, Administratrix of the Estate of Dr. John E. Carne,

*v.*

Maryland Casualty Company.

(*Jackson,* April Term, 1961.)

Opinion filed May 5, 1961.

404

Weakley & Weakley, Dyersburg, for plaintiff in error.

Heathcock, Elam & Cloys, Union City, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

This suit in its final analysis is brought to recover excess over the policy limits of an automobile liability insurance policy. The trial judge sustained the plea in abatement on the ground that the cause of action did not survive. The plaintiff below has appealed, and counsel presented a learned and extended argument in which, conceding, as we understand it, that the recovery sought is in excess of the provision in the policy covering property damages.

The defendant in error issued to the plaintiff's intestate an automobile liability policy which protected the intestate for damages growing out of an accident. The policy had the limits of $10,000 for each person and $20,000 for each accident resulting in bodily injuries, and

$5,000 for damages to property of other persons. The intestate had an accident in which two persons were injured and the property of another was damaged. Regarding the personal injury suits, one was settled out of court, and the other after final litigation was settled by the defendant in error paying $10,000 for the personal injuries and paying $1,350 on the property damage. This was the value fixed for the property damages by the Court of Appeals in the case of *Spence v. Carne,* 40 Tenn. App. 580, 292 S.W.2d 438. The balance of the judgment of that court of $2,462.70 was for medical expenses, etc. The defendant in error refused to pay this balance, and it was finally settled by the plaintiff in error's intestate, and it is for this difference plus attorney's fees, etc., that the instant action is brought.

In the very well-drawn declaration the plaintiff's intestate sues the defendant ''for damages resulting from defendant's negligence and bad faith and from defendant's breach of its obligations and duties under its automobile liability insurance contract with her intestate, Dr. John E. Carne, and for her cause of action says.'' Upon reading and re-reading the entire declaration it is seen that the quotation, just quoted, is the gravamen of the declaration. In other words, the declaration is bottomed on the same averments and allegations as to the cause of action as those as set forth in *Southern Fire & Casualty Co. v. Norris,* 35 Tenn.App. 657, 250 S.W.2d 785 (certiorari denied by this Court).

In the able brief of counsel it is attempted to base this suit on a breach of contract and in effect to waive the tort therein alleged and sue in *assumpsit* very much as was done in such cases as *Baker v. Huddleston,* 62 Tenn. 1, and others, wherein the tort was waived and the

suit was for either the recovery of the property or certain specific items of money, etc., in a contract out of which the tort grew. The declaration herein though does not state in any particular that tort is waived and that the suit is based upon any particular contract other than the contract of insurance, wherein it is, by reason of not mentioning the fact, in effect conceded that the recovery sought is in excess of the provision of the policy for the payment of sums not contracted for in the policy. Of course, such a suit, and the basis for liability thereon, arises out of a contract but they are *ex delicto* nevertheless. This being true, we are confronted with the proposition that this is the kind of lawsuit which is based upon bad faith. That is the gist of the present controversy where "the issue is one sounding in tort." *Tennessee Farmers Mutual Insurance Co. v. Hammond,* 200 Tenn. 106, 112, 290 S.W.2d 860, 862.

■ "Negligence and bad faith" are tort actions for the commission of the acts by one accused of either being negligent or exercising bad faith in the carrying out of their contract. In *Southern Fire & Casualty Co.,* supra [35 Tenn.App. 657, 250 S.W.2d 790], the court said: "The courts seem to be unanimous in holding an insurer liable in tort for an excess over the policy limit where as here it has exclusive control over investigation and settlement of claims and its refusal to settle within the policy limit is fraudulent or in bad faith." We have investigated many authorities on the subject, some of which are collected and cited in the Southern Fire & Casualty Co. case and we find except in a minority of the cases that this is true. This principle though seems to be sound and is one that is followed by this Court. See *Tennessee Farmers Mutual Insurance Co. v. Hammond,* supra.

■ In the present case Dr. Carne, the insured, died after this automobile accident and before instituting any suit herein. The tort or wrong that he claims was committed by the defendant in error prior to his death and prior to the institution of any suit thereon. Under the common law death gave rise to no causes of action, and terminated all those for personal torts. See *Brown v. Stephens,* 165 Tenn. 85, 52 S.W.2d 146, and authorities there cited.

No suit having been brought as stated in the cause of action herein set forth, the right of action died with Dr. Carne, since none was instituted during his lifetime. *Daniel v. East Tenn. Coal Co.,* 105 Tenn. 470, 58 S.W. 859. This case, that is the Daniel case, takes up various wrongful death and survival statutes which were in effect at the time of the writing of that opinion and are insofar as the question here involved the same today, to-wit, Sections 20-601, 20-602, T.C.A.

The characteristics or distinguishing features between a tort and that of a contract are well stated in The Law of Torts by Mr. Prosser, page 4 thereof, thus:

"That is to say, that no man need enter into the obligation of a contract with another save by his own free will; but when he drives an automobile down the street, the law imposes upon him an obligation to all persons in the highway, to drive it with reasonable care for their safety—and this without his consent or understanding, and if necessary over his vigorous protest. If he does not do so, and injures another, it is a tort."

And further at page 478 of the same work, the author says:

"Even as to these individuals, the damages recoverable for a breach of the contract duty are limited to those reasonably within the contemplation of the defendant when the contract was made, while in a tort action a much broader measure of damages is applied."

Thus it is by this very simple illustration we see the situation in this kind of case now before us. Here the suit is brought for a sum in excess of that stated in the policy and for attorney's fees, etc. None of these things are part of the contract but would inure to the benefit of the plaintiff in tort for bad faith, if any, of the defendant in error in carrying out its contract with the deceased.

It is very forcibly and ably argued in behalf of the plaintiff in error that the cause of action herein was assignable, and thus if it was assignable, it survived and suit can now be maintained on it by the representative of the deceased. The test of assignability of a right of action *ex delicto* as we have heretofore determined this is, is made to depend upon whether or not it is survivable. *Haymes v. Halliday,* 151 Tenn. 115, 268 S.W. 130. Under the statutes heretofore referred to we cannot conclude this type of action is survivable. We have been cited no other statute wherein such an action is made survivable. The action here brought is really one based on fraud or bad faith. "The legal cause of action for fraud does not, according to the general rule, survive the death of the defrauded person or that of the wrongdoer." 1 Am.Jur., Section 113, page 84. We have heretofore, to our statisfaction, determined that the cause of action herein was not one based on contract, but purely an *ex delicto* cause even though the relationship of the parties out of which the tort was committed grew out of a contract. The con-

tract part though has nothing to do with the action which is now being maintained.

■ Section 20-607, T.C.A., which is a survival or wrongful death statute, only applies where death resulted from acts of the defendant out of which the suit is brought, and where no action was instituted before the death the cause of action for pain and suffering did not survive upon the death of the victim. *Stewart v. Crook Sanatorium*, 17 Tenn.App. 589, 69 S.W.2d 259 (certiorari denied).

The Arkansas courts in *Billingsley v. St. Louis, etc.*, 84 Ark. 617, 107 S.W. 173, 120 Am.St.Rep. 95, held under a similar statute that the meaning of this statute was that it would only survive where there were bodily injuries or damages of a physical nature to him and no other.

We have been very much interested in our study of the able briefs herein as well as our independent investigation of the matter, and we are satisfied that the action upon which this suit is based cannot be assigned, and for the reasons herein stated the judgment of the lower court must be affirmed.

FELTS, JUSTICE, not participating.