**Oliver A. SMITH, III, Trustee in Bankruptcy for Glen Paul Wood**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

**Civ. A. No. 6018.**

United States District Court
E. D. Tennessee, N. D.

Memorandum Dec. 19, 1967.

Supplemental Memorandum Jan. 4, 1968.

2. See footnote 4 in the original memorandum.

G. W. Morton, Jr., Morton, Morton & Lewis, Knoxville, Tenn., for plaintiff.

Erby L. Jenkins, Aubrey C. Jenkins, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

Defendant, State Farm Mutual Automobile Insurance Company, has moved to dismiss the complaint or for summary judgment on the grounds that the complaint fails to state a claim against the defendant upon which relief can be granted and the action the bankrupt, Glen Paul Wood, had against the defendant did not pass to the plaintiff trustee in bankruptcy.

An order was entered denying the motion without prejudice to renew at pre-trial or at such other time as deemed necessary. The motion has been renewed and supported by both written and oral arguments.

Wood, hereinafter sometimes called bankrupt, had a policy of insurance with the defendant, State Farm Mutual Automobile Insurance Company, hereinafter sometimes called insurance company, providing for coverage up to $10,000.00 for an accident which occurred on May 7, 1964. The bankrupt and his wife and other persons were sued as a result of the injuries sustained in the accident. Plaintiff claims that the lawsuits could have been compromised by a payment by the defendant of less than the $10,000.00 coverage. He thereafter filed a petition in bankruptcy listing as judgment creditors the plaintiffs in the automobile ac-

cident litigation. The trustee claims that the insurance company acted in bad faith in the handling of the claims against bankrupt which resulted in a judgment against the bankrupt in excess of the insurance coverage.

The question presented by the motion is whether the trustee has a right to bring the suit under Section 70 of the Bankruptcy Act, which provides in part:

"(a) The trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, * * * to all of the following kinds of property wherever located

\*    \*    \*    \*    \*    \*

"(5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise, seized, impounded, or sequestered: *Provided,* That rights of action ex delicto for * * * injuries to the person of the bankrupt * * * whether or not resulting in death, * * * shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process.

\*    \*    \*    \*    \*    \*

"(6) rights of action arising upon contracts * * * or injury to his property; * * *."

The insurance company says that the effect of the provisions of Subsections 5 and 6 is that the following types of property passed to the trustee: (1) rights of action that the bankrupt could by any means have transferred; (2) rights of action that might have been levied upon, or otherwise seized, impounded or sequestered; (3) rights of action arising upon contracts; (4) rights of action for injury to bankrupt's property.

The parties agree that the law of Tennessee controls the characteristics of the type of action that brings the case within the provisions of Section 70 of the Bankruptcy Act. In re Landis, 41 F.2d 700 (C.A. 7, 1930); Lockhart v. Mittlemann, 123 F.2d 703 (C.A. 2, 1941).

An insurer may be liable to its insured for a judgment against the insured in excess of the insured's policy limits where the insurer's refusal to settle a claim against the insured within the limits is fraudulent or in bad faith. Southern Fire & Casualty Co. v. Norris, 35 Tenn.App. 657, 250 S.W.2d 785.

Ex delicto actions for injury to property, as distinguished from actions ex delicto for injury to person, are assignable. Haymes v. Halliday, 151 Tenn. 115, 268 S.W. 130 (1924).

The case of Carne v. Maryland Casualty Company, 208 Tenn. 403, 346 S.W.2d 259, involved an action to recover an amount of a judgment in excess of the policy limits upon the theory that the insurance company acted in bad faith in refusing to settle. The Court observed that the suit was not one based on contract but was merely an ex delicto cause of action "even though the relationship of the parties out of which the tort was committed grew out of a contract. The contract part though has nothing to do with the action which is now being maintained." (Pp. 408, 409, 346 S.W.2d p. 262.)

The Court held that the action was not a survival action and could not be assigned, and therefore, dismissed the suit.

In Dillingham v. Tri-State Insurance Company, 214 Tenn. 592, 381 S.W.2d 914, a judgment creditor of the insured alleged bad faith and negligence on the part of the insurance company in refusing to settle within the policy limits. The Court held that the cause of action of the

insured against the insurance company could not be assigned by the insured to a judgment creditor and dismissed the case. In that connection, the Court said:

"Haymes v. Halliday, 151 Tenn. 115, 268 S.W. 130, makes it abundantly clear that 'The test of the assignability of a right of action ex delicto is made to depend by the overwhelming weight of authority on its survivability.' 118 of 151 Tenn., 130 of 268 S.W. The cause of action sued on in Haymes v. Halliday, supra, was held to be one for injuries to real property which survives pursuant to the provision of Chapter 111 of the Acts of 1877 (now T.C.A. § 23–2904). It is to be noted in the light of some of the authorities mentioned in complainant's brief that in Haymes v. Halliday, supra, it is the survivability of the right of action that determines the assignability of the cause of action. The fact than (sic) an action brought may be revived under T.C.A. § 20–602 does not make the cause of action survive."

The facts in the case of Schueler v. Phoenix Assurance Co. of New York, 223 F.Supp. 643 (D.C.E.D.Mich., 1963) are similar to the facts in the instant case, except the *Schueler* case involved Michigan law which appears to be similar to the Tennessee law on the same subject. In that case, a trustee in bankruptcy attempted to maintain an action for an excess judgment over a policy limits against the bankrupt's insured. The Court held that the action sounded in tort and under Michigan law the action was not assignable. District Judge Thornton said that the action did not pass to the trustee under either subsection a(5) or a(6) of Section 70 of the Bankruptcy Act. The trustee's action was dismissed. In that connection, he said:

"In Jones v. Hicks, 358 Mich. 474, 483, 100 N.W.2d 243, 245, the Michigan Supreme Court has reiterated 'the long recognized rule in this State that an action for damages for fraud may not be prosecuted by an assignee thereof.' This brings us full circle to subsection (5) of 11 U.S.C.A. § 110, sub. a, the effect of which in this posture of the case is to leave the Court with no alternative but to grant defendant's motion. Plaintiff's bankrupt could not, prior to the filing of the petition, have by any means transferred his right of action for bad faith on the part of defendant in refusing to settle the State court lawsuit, bad faith in such a situation having been held by the Michigan Supreme Court to constitute fraud." p. 645.

In sum, the bankrupt's right of action was not transferrable or assignable and did not survive the death of the bankrupt. The bankrupt's action did not arise under a contract, was not an injury to property and was not a right of action that could have been seized, impounded or levied upon. 30 Am.Jur.2d—Executions—§ 136, at page 517. See Smith v. United States Fire Insurance Company, 126 Tenn. 435, 150 S.W. 97, 45 L.R.A.,N.S., 266.

Plaintiff relies upon the opinion in the case of Neese v. Brown, Tenn., 405 S.W. 2d 577. The Court held in that case that the right of a corporation before bankruptcy to maintain a suit for reimbursement for negligence of its directors was an asset to the company and passed to the trustee in bankruptcy under Section 70, subsection 6 of the Act.[1] In support of the holding, the Court cited Manning v. Campbell, 264 Mass. 386, 162 N.E. 770. The Court in that case observed that a director is a fiduciary charged with the duty of caring for the property of a corporation and managing its affairs honestly and in good faith. A breach of such duty usually resulted in damage to property. The Court also relied upon the case of Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281, quoting therefrom as follows:

"While normally that fiduciary obligation is enforceable directly by the corporation, or through a stockholders'

---

1. "(6) rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property * * *."

derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee. For that standard of fiduciary obligation is designed for the protection of the entire community of interests in the corporation—creditors as well as stockholders."

Vol. 8 C.J.S. Bankruptcy § 194 d, page 991, was also cited as follows:

"Likewise, it has been held that the corporation's right of action against officers and directors for negligence or mismanagement is an asset which passes to the trustee, * * *."

The *Brown* case is distinguishable from the case under consideration on the facts. The failure of the directors to properly look after the corporation usually results in damages to the property of the corporation. A right of action for damages to property is specifically vested in the trustee under subsection 6 of the Act. The fact that the Supreme Court of Tennessee in the *Brown* case did not refer to the cases of Carne v. Maryland Casualty Company, supra, and Dillingham v. Tri-State Insurance Company, supra, indicates that the Court did not intend to overrule them.

The trustee claims that the injury was a pocketbook injury and the right of action vested in the trustee. He relies upon Chapter 381 of the Public Acts of 1967 of the General Assembly of Tennessee. This phase of the case has neither been orally argued nor briefed. The Court reserves decision on the question until it is thoroughly briefed. The case will be set for oral argument on January 11, 1968 at 1:30 p. m., and the parties shall have 10 days after December 20, 1967 in which to file briefs. The briefs should discuss the question of whether the Act is retroactive and if retroactive, does it violate any vested constitutional rights of the defendant insurance company.

## SUPPLEMENTAL MEMORANDUM

A memorandum opinion was filed in this case on December 19, 1967 in which it was held that prior to the effective date of Chapter 381 of the Public Acts of 1967 of the General Assembly of Tennessee the action of Glen Paul Wood did not pass to plaintiff, Oliver A. Smith, III, Trustee in Bankruptcy, because the action was not assignable and would not survive the death of Glen Paul Wood.

Decision was reserved on the question of whether the action passed under Chapter 381 of the Public Acts of 1967 awaiting the filing of briefs. Briefs have been filed and considered.

The pertinent parts of the Act read:

"SECTION 1. That any cause of action belonging to an insured person against his automobile liability insurance carrier, based upon the negligence or bad faith of such insurance carrier in failing or refusing to settle any claim against such insured person within the limits of his automobile liability insurance policy, shall survive the death of such insured person and shall pass to his or her personal representative.

SECTION 2. That any cause of action within the purview of Section 1 hereof shall by operation of law be assigned to and be an asset belonging to any trustee in bankruptcy, receiver or other person acting in a representative capacity for the creditors of such insured person, and such cause of action may be filed and maintained by such trustee, receiver or other person acting in a representative capacity for the creditors of such insured person in his or her own name as such representative in any court having jurisdiction and venue thereof against such automobile liability insurance carrier of such insured person.

SECTION 3. *That no action, within the purview of Section 1 hereof, now pending or hereafter filed in any court of this State shall be abated or dismissed by any court upon the grounds that said action is or was not assignable by such insured person, to one of the persons or class of persons hereinabove set out.*" (Emphasis added.)

The Act became effective May 25, 1967. The record is silent as to when plaintiff was appointed trustee in bank-

ruptcy. This suit was filed on June 22, 1967, or approximately thirty days after the Act was passed.

■ The general rule is a statute will be presumed to operate prospectively and not retroactively unless it clearly appears from the statute that the Legislature intended it to operate retroactively. Collins v. East Tennessee, Virginia & Georgia Railroad Co., 56 Tenn. 841; Franklin v. Travelers Insurance Company, D.C., 155 F.Supp. 746.

■ A statute should not be given retroactive operation unless its words make that imperative. Shwab v. Doyle, 258 U.S. 529, 531, 42 S.Ct. 391, 66 L.Ed. 747; United States v. Magnolia Company, 276 U.S. 160, 48 S.Ct. 236, 72 L.Ed. 509.

■ A retroactive operation will not be given to a statute which interferes with antecedent rights, unless such is the unequivocal and inflexible import of its terms, and the manifest intention of the legislature, or "unless the statute contains within it a declaration of retroactivity 'clear, strong and imperative.'" Commissioner of Internal Revenue v. Commodore, Inc., 6 Cir., 135 F.2d 89, 92; Franklin v. Travelers Insurance Company, supra; Shannon v. Board of Education of Kingsport, 199 Tenn. 250, 286 S.W.2d 571. See Southern Railway Company v. Miller, 6 Cir., 285 F.2d 202, 85 A.L.R.2d 842.

■ It is obvious from Section 3 that the Act is not only prospective but retroactive since it applies to "pending (actions) or (actions) hereafter filed in any court * * *."

■ The effect of the Act is simply to transfer the right to sue from the bankrupt to his trustee. It is not an "ex post facto law or law impairing the obligation of contracts" as contended by the defendant.

■ The Court concludes that the Act is constitutional and that plaintiff has the legal right to maintain this action.

The motion for summary judgment must be overruled.